# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | No. 3:11-md-02238-DMS-RBB<br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT |

280466_1

Plaintiffs and Defendants in the above-captioned multidistrict litigation pending before the Court have entered into a Stipulation of Class Action Settlement ("Settlement Agreement") after extensive, arms-length settlement negotiations, including multiple mediations with Hon. Daniel J. Weinstein (Ret.) of JAMS. All capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement.

The Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of this Action upon the terms and conditions set forth in the Settlement Agreement; and

The Court has reviewed and considered the Settlement Agreement and accompanying Exhibits, and the Parties' application for such an order and found good cause for same;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class**

1. <u>Jurisdiction</u>. The Court has jurisdiction over the Parties and the subject matter of the dispute.

2. <u>Conditional Certification of Settlement Class</u>. Pursuant to Rules 23(b)(3) and 23(c)(1) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby conditionally certifies this Action as a class action on behalf of the following Settlement Class:

> All Persons who purchased or received one or more Groupon Vouchers for redemption at a Merchant Partner in the United States, from November 2008 until December 1, 2011. Excluded from the Settlement Class are Defendants, Merchant Partners, their parent companies, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, Groupon employees, and all judges assigned to hear any aspect of this litigation, as well as immediate family members of any of the preceding referenced individuals.

EAST\47392001.3

3. <u>Appointment of Class Representatives</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the named Plaintiffs listed in Exhibit 1 as Class Representatives of the Settlement Class.

4. <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Interim Class Counsel to be adequate, the Court hereby appoints Interim Class Counsel as Class Counsel to represent the Settlement Class.

5. <u>Preliminary Findings</u>. The Court, having conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, hereby finds that the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval and dissemination of the Class Settlement Notice to the Settlement Class. The Court hereby preliminarily approves the Settlement Agreement, and the terms and conditions of the Settlement set forth therein, subject to further consideration in the Final Approval Hearing described below.

**B.    The Final Approval Hearing**

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on July 20, 2012, at 1:30 p.m., for the purposes of:

   (a)    Finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

   (b)    Determining whether the Settlement on the terms and conditions set forth in the Settlement Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

(c) Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

(d) Considering the application of the Class Representatives for Incentive Awards, as provided for in the Settlement Agreement;

(e) Review objections, if any, regarding the Settlement Agreement;

(f) Determine the validity of Requests for Exclusion, if any, and exclude from the Settlement Class those Persons who validly and timely opted out;

(g) Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement and [Proposed] Final Judgment of Dismissal with Prejudice dismissing the Actions with prejudice;

(h) Ruling upon such other matters as the Court may deem necessary and appropriate.

2. <u>Modifications to Settlement</u>. The Parties may modify the Settlement Agreement prior to the Final Approval Hearing, so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

3. <u>Objections to Settlement</u>.

(a) Any Settlement Class Member who desires to object to the Settlement, the application for Attorneys' Fees and Expenses, or Plaintiffs' Incentive Awards must both file with the Clerk of this Court and serve on Class Counsel by hand or first-class mail a notice of the objection(s) and the grounds for such objections, together with all papers that the Settlement Class Member desires to submit to the Court at the Final Approval Hearing. The Court will consider such

objection(s) and papers only if such papers are received on or before fourteen (14) days prior to the Final Approval Hearing (the "Opt-Out and Objection Date"), which shall be set forth in the Class Settlement Notice, by the Clerk of the Court and by each of the Parties' counsel. Such papers must be sent to each of the following Persons:

| Clerk of the Court,<br>United States District Court for the<br>Southern District of California | Class Counsel<br><br>Robbins Geller Rudman & Dowd LLP<br>John J. Stoia, Jr. (141757)<br>Rachel L. Jensen (211456)<br>Thomas R. Merrick (177987)<br>Phong L. Tran (204961)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>johns@rgrdlaw.com<br>rachelj@rgrdlaw.com<br>tmerrick@rgrdlaw.com<br>ptran@grdlaw.com |
|---|---|
| Lead Attorneys for Defendants<br><br>DLA PIPER LLP (US)<br>Shirli Fabbri Weiss (079225)<br>Christopher M. Young (163319)<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Telephone: 619/699-2700<br>619/699-2701 (fax)<br>shirli.weiss@dlapiper.com<br>christopher.young@dlapiper.com | |

(b) All objections must include a reference to *In re Groupon Marketing and Sales Litigation*, No. 3:11-md-02238-DMS-RBB (S.D. Cal.), the name, address, and telephone number of the Settlement Class Member submitting the objection, a statement of his or her objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and the submitting Person's signature. Each Settlement Class Member submitting an objection must state whether he or she (or his or her representative) intends to appear at the Final Approval Hearing.

- 4 -

EAST\47392001.3

4. <u>Response to Objections</u>. Any response to timely, completed objections must be filed with the Court and served no later than seven (7) days prior to the Final Approval Hearing.

5. <u>Appearance at Final Approval Hearing</u>. Attendance at the Final Approval Hearing is not necessary; however, any Person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Expenses, or the application for Plaintiffs' Incentive Awards, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Expenses or Incentive Awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Settlement Notice waives any right the Person may have to object to the Settlement, Attorneys' Fees and Expenses, or Incentive Awards, or to appeal or seek other review of the Final Judgment or the Order Approving Class Action Settlement. Any Settlement Class Member may enter an appearance in the Action at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

6. All papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or Incentive Awards must be filed with the Court and served at least twenty-one (21) days prior to the Final Approval Hearing.

**C.  The Court Approves the Form and Method of Class Notices**

1. <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices, which are Exhibits 2-4 and 8 respectively, to the Settlement Agreement.

2. <u>Distribution of Class Notices</u>.  The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits 2-4 and 8 thereto, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

3. <u>Approval of Claims Administrator</u>.

(a) The Court approves the designation of Rust Consulting, Inc. to serve as the Court-appointed Claims Administrator for the Settlement. The Claims Administrator shall disseminate the Class Notices and supervise and carry out the Notice Program, the processing of Claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Settlement Agreement and this Order, under the direction and supervision of the Court.

(b) The Court directs the Claims Administrator to establish a Settlement website, making available copies of this Order, Class Notices (the Class Settlement Notice and the Settlement Fund Claims Notice), the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claims and requests for refunds online or by e-mail or facsimile, FAQs and answers, Orders of the Court pertaining to the Settlement, a toll-free telephone number and addresses to contact the Claims Administrator by e-mail and mail, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.  The cost of creating and maintaining this website shall be paid from the Settlement Fund.  Settlement Class Members may submit Claims through the Settlement website, no later than the Notice Dates as defined below, and continuously thereafter through the Claims Deadline.

(c) The Claims Administrator is ordered to cause the Class Settlement Notice to be disseminated to potential Settlement Class Members no

- 6 -

later than fifty-five (55) days before the Final Approval Hearing ("Settlement Class Notice Deadline") and to cause the Settlement Fund Claims Notice to be disseminated to Settlement Class Members no more than fourteen (14) days after the Effective Date ("Settlement Fund Claims Notice Date"). The Second Settlement Fund Claims Notice shall be disseminated no more than fourteen (14) days after the Claims Administrator has paid all approved Settlement Fund Proofs of Claim ("Second Settlement Fund Claims Notice Date"). The Claims Administrator may request assistance from Groupon to identify Class Members; to facilitate providing Class Notices as necessary and appropriate to satisfy Rule 23 and constitutional due process; to facilitate sending Notice emails from a domain name that includes the word "Groupon" so that, to the extent possible, they are not excluded from Settlement Class Members' email inboxes as an unknown sender or junk mail; to link to the Groupon website for accessibility to the Settlement Class Members' Groupon accounts; to assist with establishing the settlement website; and to accomplish such other purposes as may be approved by Groupon and Class Counsel; provided, however, that the determination of the validity of Claims and requests for refunds shall be made by the Claims Administrator subject to the provisions of the Settlement Agreement.

    (d)  The Claims Administrator shall file with the Court proof of compliance with the Notice Program no later than five (5) business days prior to the Final Approval Hearing.

   4. All costs of the Notice Program, Claims processing, creating and maintaining the website, and all other reasonable and appropriate Claims Administration Expenses and Notice Expenses shall be paid from the Settlement Fund while the Settlement Fund is in effect and thereafter from the Second Settlement Fund.

### D. Procedure for Requesting Exclusion from the Settlement Class

1. Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. Any such Person must submit a completed Request for Exclusion, signed by the Person, to the Claims Administrator post-marked on the date no later than the Opt-Out and Objection Date (*i.e.*, fourteen (14) days prior to the Final Approval Hearing), as set forth in the Class Settlement Notice. Requests for Exclusion purportedly filed on behalf of multiple Persons or classes of Persons are prohibited and will be deemed to be void.

2. Any Settlement Class Member who does not send a completed, signed Request for Exclusion to the Claims Administrator post-marked on or before the Opt-Out and Objection Deadline will be deemed to be a member of the Settlement Class for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Settlement Agreement shall have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgment and the Order Approving Class Action Settlement.

3. The Claims Administrator shall provide Class Counsel and counsel for Groupon with a list of all timely Requests for Exclusion within five (5) business days after the Opt-Out and Objection Deadline.

### E. Miscellaneous Provisions

1. <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Awards are stayed.

2. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be

EAST\47392001.3

restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

3. <u>Use of Order</u>. This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against any of the Released Parties of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated, nor shall it be used in any manner prohibited by Section L of the Settlement Agreement. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

4. The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

Dated: April 23, 2012

_____
Hon. Dana M. Sabraw
United States District Judge

EAST\47392001.3