Sean Hull
7890 Witney Place
Lone Tree, CO 80124
Telephone: (303) 519-8711
sxhull@gmail.com

FILED
12 JUL -5 PM 3:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

July 3, 2012

Pro Se Intake Clerk
United States District Court
For the Southern District of California
940 Front Street
Courtroom 10
San Diego, California 92101-8900

NUNC PRO TUNC

JUL 0 5 2012

RE: *In RE Groupon Marketing and Sales Practices Litigation*, MDL No. 2238

    I am a member of the settlement class. The notice emailed to me on May 25, 2012 is attached. Exh. A. My name, address, telephone number and email address used to register my Groupon purchase are: Sean Hull, 7890 Witney Place, Lone Tree, CO 80124, Telephone: (303) 519-8711; sxhull@gmail.com.

    I object to the requirement of proof of acquisition of group on voucher to object. I have not kept that information, but I am a class member and Groupon sent me a notice and apparently has the information that I am a class member.

    I am filing this objection pro se without an attorney. I do not plan on attending the Final Approval Hearing.

    I object to the failure to include a claim deadline in the class notice. The class notice, for several deadlines, is too imprecise: "[to be determined pursuant to court order]." Objection is made that the deadlines are too imprecise per the notice.

    I object that the plaintiffs and defendants have not proven that this settlement is fair, adequate and reasonable.

    The class notice says:

"The Settlement resolves litigation alleging, among other things, that Groupon and its Merchant Partners illegally used expiration dates and other restrictions on Groupon Vouchers, engaged in sales or advertising practices that violated various federal and state consumer laws and failed to make adequate or required disclosures in the terms of use or terms of sale or otherwise on Groupon's website relating to Groupon vouchers."

I object to the extent that the requirements to certify a case as a class action cannot be met, namely commonalty, predominance and superiority given all of the different state law claims that are being certified for settlement, objection is also made to the extent that insufficient weight has been given to the value of the claims of class members from different states in this settlement.

I object to the extent individual notice was not given to all class members.

I object to the proposed award of attorneys' fees, expenses and class representative awards as being excessive. Specifically objection is made to the attorneys' fees under a lodestar and a percentage of recovery basis.

Sincerely,

Sean Hull

**First Class Mail**
John J. Stoia, Jr.
Robbins Gellar Rudman & Dowd, LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101

**First Class Mail**
Shirli F. Weiss
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101

From: **Groupon Settlement Administrator** <notice@grouponvouchersettlement.vertismail.com>
Date: Fri, May 25, 2012 at 10:15 AM
Subject: Notice of Class Action Settlement Regarding Groupon Vouchers
To: sxhull@gmail.com

### An Important Notice About a Class Action Settlement Involving Groupon Vouchers

IF YOU PURCHASED A GROUPON VOUCHER BETWEEN NOVEMBER 1, 2008 AND DECEMBER 1, 2011
FOR REDEMPTION IN THE UNITED STATES,
YOU MAY BE ELIGIBLE FOR BENEFITS FROM THE SETTLEMENT

A proposed settlement has been reached in a class action lawsuit concerning Groupon vouchers. You may be a member of the class whose rights may be affected by this lawsuit. **The sole purpose of this notice is to inform you of the lawsuit and the settlement so that you may decide what steps to take in relation to it.**

More information regarding the settlement, your rights under the settlement, instructions on how to be excluded from the settlement or object to the settlement, and a form to fill out to obtain settlement benefits are available here: www.grouponvouchersettlement.com

**Please visit the website linked above to obtain important information regarding the settlement and your rights.**

If the settlement is approved, class members who complete and return a claim form may be eligible to receive a Settlement Voucher entitling them to redeem unused Groupon vouchers purchased between November 1, 2008 and December 1, 2011 for redemption in the United States that are past their stated expiration date. Settlement Vouchers may be redeemed at the location of the merchant identified on the voucher, for goods and/or services equal to the purchase price of the voucher. Rather than seeking a settlement benefit, you may choose to exclude yourself from the settlement. **There are deadlines associated with the choices you may make regarding the settlement. The last day to exclude yourself from the settlement or to object to the settlement is July 6, 2012.**

Exh. A