

JOAN SHEPPARD, ESQ. SB# 84477
6300 Canoga Avenue, Suite 670
Woodland Hills, CA  91367
(818) 712-0159 phone
(818) 712-0518 fax

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | No:  3:11-md-02238-DMS-RBB<br><br>NOTICE OF OBJECTION TO CLASS ACTION SETTLEMENT |
| --- | --- |

I OBJECT TO THE SETTLEMENT in the *In re GROUPON MARKETING AND SALES PRACTICES LITIGATION*, United States District Court, Southern District of California, case number 3:11-md-02238-DMS-RBB.  I am a member of the settlement class in that I have purchased one or more Groupon Vouchers for redemption at a Merchant Partner in the United States between November, 2008 and December 1, 2011.  My objections are asserted and based on each and all of the following grounds, among others:

I.

The terms of the proposed settlement are not fair and adequate to the members of the settlement class.

II.

The notice of the proposed settlement does not satisfy due process requirements.  The "notice" itself does not contain the settlement terms but, rather, refers class members to the settlement website.  However, the website itself, including the "Home" page and the "Basic Information" page, while identifying the options class members have and the deadlines for taking certain actions, also does not adequately explain or even summarize the material terms of the settlement and release.  Instead, a settlement class member ultimately has to find on the settlement website and open the settlement agreement to locate the settlement terms, which are set forth in a 78-page document and which are not readily understandable to class members.  This is not only inconsistent with due process, but also inconsistent with general practice which summarizes the key settlement terms on the settlement website.

III.

The settlement class is defined in an overbroad manner, such that many settlement class members will be bound by the settlement and release, thereby benefiting Groupon, but are not eligible to receive any monetary consideration from the settlement.  That occurs because the limitations as which settlement class members are eligible to submit a claim and to receive monetary relief are not included in the basic definition of the settlement class, making the latter category much larger than the former category.

IV.

The requirement for settlement class members to submit a claim form is unnecessary and will have the adverse effect on the class of artificially limiting the number and percentage of class members who will actually receive monetary relief from this settlement.  Since Groupon knows what coupons are sold and eventually used and was able to identify class members electronically from its own records for the purpose of giving the class notice, it could determine from the same and related data in its possession which settlement class members are entitled to relief and how much.

V.

The cy pres provisions of the settlement do not comport with the requirements of the

1    Ninth Circuit's recent decision in *Dennis vs. Kellogg*.  In particular, but without limitation, the
2    settlement agreement does not explain how or why the intended cy pres beneficiaries are
3    related to the underlying purpose of this litigation or how settlement class members will benefit
4    from a distribution to these organizations.  Moreover, the settlement agreement does not
5    require the cy pres beneficiaries to use the funds from the settlement for any particular program
6    related to preventing the type of harm the litigation was intended to rectify.

8           The objector does not intend to appear at the Final Approval Hearing.

10   Dated:  July 23, 2012.

12                          Respectfully submitted,

14                          Joan S. Sheppard, Esq.

-3-

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objection was this date served upon all counsel of record by placing a copy of same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Clerk of the Court for the
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101-8900
(Send via Fed-Ex)

DLA Piper LLP
Shirli Fabbri Weiss/Christopher M. Young
401 B. Street, Suite 1700
San Diego, CA 92101-4297

Robbins Geller Rudman & Dowd LLP
John Stoia/Rachel Jensen/
Thomas Merrick/Phong Tran
655 West Broadway, Suite 1900
San Diego, CA 92101

Woodland Hills, CA, this 23rd day of July, 2012.

Joan Sheppard, Esq.

-4-

3:11-md-02238-DMS-RBB