Mark Bulgarelli, Esq.
PROGRESSIVE LAW GROUP, LLC
505 N. LaSalle Suite 350
Chicago, IL 60654
Tel: (312) 787-2717
markb@progressivelaw.com

*Attorney for Plaintiff-Objector Nicholas Spencer*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | Case No. 3:11-md-02238-DMS-RBB<br><br>OBJECTION OF PLAINTIFF NICHOLAS SPENCER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT HEARING<br><br>Date:   September 7, 2012<br>Time:   1:30 p.m.<br>Courtroom: 10<br>Judge:  Hon. Dana M. Sabraw |

# I. INTRODUCTION

Plaintiff and Class Member Nicholas Spencer ("Mr. Spencer") hereby submits the following arguments and objections to this Court regarding the proposed settlement in *In re Groupon Marketing and Sales Practices Litigation*, Case No. 3:11-md-02238-DMS-RBB, pending before the United States District Court for the Southern District of California.

In compliance with the requirements in the class notice. Mr. Spencer will provide a address, telephone number, email address, and proof of purchase of his Groupon upon request by the Court or Class counsel. Such information is redacted from herein for privacy purposes. Mr. Spencer hereby objects to the proposed settlement pending in this matter on the grounds that the amount of the settlement fails to provide any value to Mr. Spencer and a subclass of similarly situated individuals.[1] The bases for his objections and the reasons supporting are submitted below. As a result, as discussed more herein, Mr. Spencer requests that this Honorable Court carve out Mr. Spencer and similarly situated individuals from the settlement and its release, issue an order severing Mr. Spencer's proceeding, *Nicholas Spencer v. The Gap, Inc.,* Case No.: 12-cv-03522, from this proceeding and transferring it back to the United States District for the Northern District of Illinois, and for further relief as described herein.

Mr. Spencer intends to appear at the final fairness hearing and be heard, by and through his counsel of record, Mark A. Bulgarelli, Esq.

# II. BACKGROUND

Mr. Spencer is a resident of Cook County, Illinois. On or about August 18, 2010, and while in the Chicago, Illinois area, Mr. Spencer purchased a $50.00 Groupon gift certificate redeemable at Gap, Inc. ("Gap") retail stores, attached hereto as Exhibit A, by using an application on Plaintiff's cellular phone, from Groupon.com and Gap. The Gap Groupon gift certificate was provided to Mr. Spencer and similarly situated individuals via the internet from offices in the State of Illinois.

Pursuant to the deal for the Groupon gift certificate, Plaintiff paid $25.00 for the purchase

---

[1] In fact, the proposed settlement not only provides zero value to Mr. Spencer and a subclass of similarly situated individuals, it actually provides negative value, in that Mr. Spencer and similarly situated individuals would receive more without the settlement than with the settlement.

1  of a Gap Groupon gift certificate with a face value of $50.00 for use towards the purchase solely
2  of Gap merchandise at Gap's retail stores. Exhibit A.

3  According to terms listed on Mr. Spencer's form gift certificate, if the Groupon was not
4  redeemed within 90 days, Mr. Spencer was entitled to a $25.00 Gap GiftCard, but was no longer
5  entitled to the full $50.00 face value of the Groupon. The terms of the standardized gift
6  certificate at issue provide that Mr. Spencer's gift certificate was valid for 90 days (from August
7  19, 2010 through November 19, 2010).

8  Mr. Spencer was unable to redeem the Gap Groupon gift certificate within its 90-day
9  expiration period, and is no longer able to redeem it for its stated $50.00 face value.

10  The refusal of Gap and Groupon.com to allow for the redemption of the Gap Groupon gift
11  certificate for its full $50.00 face value for a period of five (5) years after purchase is in violation
12  of The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2
13  *et seq*. In particular, the ICFA states in relevant parts:

> (b) On or after January 1, 2008, no person shall sell a gift certificate that is subject to: (1) an expiration date earlier than 5 years after the date of issuance… (c) The face value of a gift certificate issued on or after January 1, 2008 may not be reduced in value and the holder of a gift certificate issued after January 1, 2008 may not be penalized in any way for non-use or untimely redemption of the gift certificate.

18  815 ILCS 505/2SS.
19  Due to Gap's failure to abide by the ICFA, along with other relevant laws, on April 4,
20  2012, Mr. Spencer filed a Complaint against the Gap, on behalf of himself and a Class of
21  similarly situated Gap Groupon purchasers, in the Circuit Court of Cook County, Illinois. *See*
22  Complaint attached hereto as Exhibit B.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Subsequent to the filing of the Complaint, Gap removed the Complaint to the United States District Court for the Northern District of Illinois, on the grounds that the United States District Court for the Northern District of Illinois had jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).  *See* (Dkt. #1, *Nicholas Spencer v. The Gap, Inc.,* Case No.: 12-cv-03522, N.D. Ill.).[2]

Gap then moved the Judicial Panel on Multidistrict Litigation to transfer Mr. Spencer's pending matter to this Court on the grounds that Gap was a merchant partner of Groupon, and that any claims against Gap would be dismissed pursuant to the current proposed settlement agreement before this Court.  The *Spencer* matter was transferred to this Court as a result.  *See* (Dkt. #43).

As a result, Mr. Spencer is a member of the Class in this proceeding who will have his claims against Gap and Groupon released under the terms of the proposed settlement.

### III. ARGUMENT

A.  <u>Legal Standard.</u>

"*Fed.R.Civ.P. 23(e) requires the district court to* determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003)(emphasis in original) quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998).  "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including…'the amount offered in settlement….'" *Staton*, 327 F.3d at 959 (9th Cir. 2003) quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003).

///

///

///

---

[2] As grounds for the removal under 28 U.S.C. § 1332(d)(2)(A), Gap states that it sold $4,000,000.00 in Gap Groupon gift certificates to Illinois residents alone and that the actual amount in controversy in Mr. Spencer's action exceeds $5,000,000.00.  *See* (Dkt. #1, *Nicholas Spencer v. The Gap, Inc.,* Case No.: 12-cv-03522, N.D. Ill.).  Given that the settlement proposal now before this Court provides for a total fund of $8,500,000.00, less plaintiffs' attorneys' fees and costs, plaintiffs' incentive fees and expenses for administration of the settlement and less $75,000 earmarked for a *cy pres* fund, the total settlement fund could nearly be exhausted just by individuals who purchase a Gap Groupon gift certificate in Illinois, even though individuals who purchased a Groupon from the thousands of other merchant partners besides Gap across the nation are also members of the proposed Class.

In determining the adequacy of the amount of the settlement, "…a settlement must be evaluated in light of the strength of the case, and the court must balance the probable outcome of an action, if tried, against the provisions of the settlement." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617-18 (N.D. Cal. 1979).

  B. <u>The Amount Offered in Settlement is Inadequate in Light of Mr. Spencer and Similarly Situated Individuals' Claims as it Does Not Adequately Account for the Probable Outcome of Their Claims.</u>

The proposed settlement fails to adequately account for the strength of Mr. Spencer and similarly situated individuals' claims and fails to account for the probable outcome of those claims if taken to trial. In short, if Mr. Spencer and other Illinois consumers who purchased Gap Groupon certificates were to proceed with their claims, under the likely worse-case scenario, they would get far more than the present settlement offers them. Equally important, as discussed further below, if there was *no* settlement or current proceeding, Mr. Spencer and similarly situated individuals could walk in a Gap store and get more for their Gap Groupon gift certificate than they are being offered in the proposed settlement. This unequivocally necessitates that the amount offered to Mr. Spencer and similarly situated individuals is inadequate.

The proposed settlement provides that Mr. Spencer and other similar situated individuals who purchased Gap Groupons in Illinois, which they were unable to redeem, will receive:

> Settlement Class Members whose Claims meet the criteria of Section E.1.a under this Settlement shall receive a Settlement Voucher, substantially in the form of Exhibit 6, from the Claims Administrator, valid for a period of 130 days from its issue date, to redeem the expired Groupon Voucher(s) that are the basis of the Claim, for goods and services at the Merchant Partner identified therein for the amount of the Customer Purchase Price….

(Dkt. # 40-3 at pg. 20, *Stipulation of Class Action Settlement*). Furthermore, "[i]n the event that Settlement Class Members file valid Settlement Fund Claims seeking relief in an amount exceeding the funds available in the Settlement Fund, the Face Value of all Settlement Vouchers issued to Settlement Class Members shall be reduced pro rata…." (Dkt. # 40-3 at pg 21, *Stipulation of Class Action Settlement*).

///

///

4

1  Therefore, under the proposed settlement, the most Mr. Spencer, and similarly situated individuals, can receive is a voucher good for 130 days for $25 (the purchase value of the Gap Groupon gift certificate), and they may in fact receive less should the number of valid claims exceed the settlement funds available.

However, for two distinct reasons this is less than what Mr. Spencer and similarly situated individuals can receive today without any legal action, and potentially far less than what they could receive if they were allowed to proceed with their claims.

First, the Gap Groupon gift certificates sold to Mr. Spencer and similarly situated Illinois consumers provides on their face that "If Groupon is not redeemed by the expiration date above, it may be redeemed for a $25 Gap GiftCard in U.S. and Canada Gap stores only." Exhibit A. Simply put, Mr. Spencer and similarly situated individuals can walk into a Gap store today and obtain relief in a monetary amount equal to what the settlement provides, and potentially more than what the settlement provides should the amount of claims exceed the settlement fund. Clearly, the amount of the settlement for Mr. Spencer and similarly situated individuals in not adequate.

Second, were Mr. Spencer and similarly situated individual in Illinois to redeem their Gap Groupons for the giftcards reference above, those giftcards would be valid for a term of five years under Illinois law, *see* 815 ILCS 505/2SS, as opposed to the measly 130 day time period which the settlement offers them. As a result, Mr. Spencer and similarly situated individual in Illinois who purchased Gap Groupons are actually getting negative value from the proposed settlement.[3]

///
///
///
///

---

[3] Mr. Spencer does not contend that the proposed settlement may not provide a benefit to consumers outside Illinois who purchased a Groupon for a merchant partner other than Gap, as relevant law and the terms on those Groupons may be less favorable. As a result, Mr. Spencer is seeking a carve out, from the settlement and release, for individuals in Illinois who purchased a Gap Groupon gift certificate, because the proposed settlement provides none of the relief – nor does it provide a fraction of such relief – available under the ICFA above and beyond what the terms of Mr. Spencer and other class members' Groupons in Illinois already provide.

5

Further, the *Spencer* action seeks the recovery of the full face value of the Gap Groupon ($50), plus applicable punitive damages allowed under ICFA.[4] Given the clear language on the Gap Groupon gift certificate which provides for a recovery greater than what the proposed settlement offers, the likely outcome at trial for Mr. Spencer and similarly situated Illinois consumers is somewhere between the $25 giftcard, redeemable for 5 years,[5] offered by the terms of the Gap Groupon, and $50 and punitive damages which the *Spencer* action seeks. However, the bottom of this spectrum clearly provides for more than what the proposed settlement offers. As a result, the value of the proposed settlement is not adequate for Mr. Spencer and similarly situated individuals.

For these reasons the settlement amount is not adequate as it provides no value to Mr. Spencer and similarly situated individuals, and as a result the settlement should not be allowed to proceed without a carve out of Mr. Spencer and similarly situated individuals claims against Gap and Groupon.

## IV. CONCLUSION

For the reasons stated above, the proposed settlement is fundamentally unfair, inadequate, and unreasonable, and Mr. Spencer respectfully requests that this Court carve out from the settlement and release: all purchasers or holders in the State of Illinois of Gap gift certificates, which contained expiration dates of less than five years from the date of issue.[6]

Further, Mr. Spencer requests that this Honorable Court issue an order 1) severing the *Spencer* action, Case No.: 12-cv-03522, from this proceeding; 2) allowing the *Spencer* action to be transferred to the United States District Court for the Northern District of Illinois; 3) and for such further relief as this Court deems necessary.

///

///

---

[4] "The [ICFA] explicitly allows for the recovery of punitive damages…." *Linhart v. Bridgeview Creek Dev., Inc.,* 391 Ill. App. 3d 630, 641, 909 N.E.2d 865, 875 (1st. Dist. 2009); 815 ILCS 505/10a.
[5] Applicable Illinois law requires that the giftcard, issued pursuant to the terms already contained on the Gap Groupon, be redeemable for five years. 815 ILCS 505/2SS.
[6] The requested carve out consist of the Class as defined in the *Spencer* Complaint. *See* Exhibit B.

6

Dated: July 26, 2012                                   PROGRESSIVE LAW GROUP, LLC


                                                       By: s/ Mark A. Bulgarelli, Esq. _____
                                                       *Counsel for Plaintiff/Objector Nicholas Spencer*


## CERTIFICATE OF SERVICE

   The undersigned certifies that on this 26th day of July, 2012, a true and correct copy of the foregoing OBJECTION OF PLAINTIFF NICHOLAS SPENCER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT HEARING was served via the Court's CM/ECF system which will send electronic notification to the attorneys of record at the e-mail addresses on file with the Court.

                                                       s/ Mark A. Bulgarelli, Esq.