FILED
AUG - 3 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| In re: GROUPON MARKETING AND SALES PRACTICES LITIGATION | Case No.: 3:11-md-02238-DMS-RBB<br><br>OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST |
|---|---|

To The Honorable District Judge:

Comes Now Warren Sibley, Tracy Klinge, Jordon Echols and Kimberly M. Cogbill ("Objectors"), and files these Objections to the Proposed Settlement, Objection to Attorneys' Fees, and would show as follows:

**1. Objectors are class member.**

Objector(s) declares that the following statements are true and correct:

(a) Warren Sibley, Tracy Klinge, Jordon Echols and Kimberly M. Cogbill are all members of the class.

.

(b) We purchased a Groupon certificate and have each received an e-mail notice that we are members of the class.

(c) We object to the Settlement styled *In Re: Groupon Marketing and Sales Practices Litigation.*

**2. Objection to Class Notice.**

The Federal Judicial Center, http://www.fjc.gov/ has a specific section entitled "Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide

2010," which suggests a percent of class to be reached by notice at between 70-95%.

This only notice to be given to class members is by e-mail. While the settlement website contains much information on the Motion for Attorney Fees it contains little other useful information. There is no indication of the number of class members or how many email notifications have been sent or number returned. Items the Court should consider include:

Is the notice plan conducive to reaching the demographics of the class?

Answer: Cannot tell because we have no information on how many emails have been sent or how many were returned

Is the coverage broad and fair? Does the plan account for mobility?

Answer: From the documents available to the class members we don't know and we do not know how the notice plan takes into account changed email accounts.

Does the plan include individual notice?

Answer: Only through emails

If names and addresses are reasonably identifiable, Rule 23(c)(2) requires individual notice. The question that the Court should address during the Fairness.

Did the Court receive reliable information on whether and how much individual notice can be given?

Answer: From the documents available to the class members we don't know.

The Federal Judicial Center cautions the Court to be careful to look closely at assertions that mailings are not feasible. The lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%. A study

of recent published decisions showed that the median reach calculation on approved notice plans was 87%.

Will this standard be met?

Answer: At this stage of the proceedings we don't know

In a world of computer spam and computer spam filters, important notices such as "you are a member of a class action," may go unread or unopened.

The Notice plan is questionable and additional information is necessary.

**3. Objections to the Settlement.**

The settlement is not fair, reasonable or adequate and Objector objects to the proposed settlement for the following reasons:

It is likely that this may turn out to be nothing more than a coupon settlement by another name or a *cy pres* settlement.

The claims form is needless complex and will discourage class members from filing claims. The problem is the requirement in the claim form to include a voucher number this will discourage claimants as class members may easily have discarded the voucher.

While it is possible to obtain a Cash Refund after jumping through numerous hoops it is unlikely that more than a handful of class members will ever receive a cash refund for their purchase. The result is a product voucher a/k/a a coupon only good for a limited time.

This Court should heed the Managing Class Litigation: A Pocket Guide for Judges' admonition in "5 Appraisal of Settlement" that cautions:

> "Your appraisal of the settlement should focus on the value actually distributed to the class based on the number and percentage of class members who have filed a claim. As discussed below in Section IV. C.4, strict eligibility requirements and claims procedures often discourage class claims and might reduce the total amount paid to class members, making the stated value of the settlement fund illusory."

The Settlement Vouchers because smacks of a sales promotion, as the settlement compels a class member to continue doing business with the same company that engaged in unlawful conduct in order to receive any benefit. The tortfeasor profits from the settlement as proposed.

There is no reasonable rationale for the expiration of the coupons. The waiver class members provide to Defendant does not expire, so neither should the consideration class members receive expire. Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant would not be harmed. Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties. Equity demands a quid pro quo. The coupons should be perpetual or at least good for one year. The Defendant has had the use of the class members money for the time period of the settlement.

The present structure of the settlement is essentially a sales promotion that benefits Defendant at the expense of class members' rights. To the extent class members do not use the settlement vouchers, Defendant benefits. To the extent class members use the settlement vouchers, Defendant as well as the merchants benefits from the possibility of extra sales. Thus, the settlement is structured to benefit Defendant, as well as Class Counsel, at the expense of class members who lose their rights against the Defendant.

**4. Injunctive Relief.**

The supposed benefit to the class is in the form of an Agreed Injunction. In the Agreed Injunction, Defendant does no more than agree to follow current law and not misrepresent its services; this is required of Defendant under current law. The injunctive relief includes changes to the label of the voucher and a 3 year limitation on the expiration dates of vouchers, Settlement Agreement pg. 15-16.

A Court should consider the following factors that a Court, in granting approval to a class settlement, when considering injunctive relief settlements, the court should review the settlement and consider the following:

(1) How much is the injunction worth to the class as a practical matter?

(2) What is the real cost to Defendant?

(3) Does the injunction do anything more than restate the obligation that Defendant has under existing law?

Objectors would submit that the answers to the listed above are:

(1) Very little.

(2) Very little

(3) No

Considering what the class is being asked to give up, and what little benefit the class will receive, the Court should reject the purposed settlement.

**5. Is *Cy Pres* Appropriate?**

It is possible that this may a *Cy pres* settlement based on a poor reaction from the class and not just a $75,000 component in class action settlement *Cy*

*Pres* awards have increased since the earliest reported use of a *cy pres* award in *Miller v. Steinbach*, 1974 WL 350 at *2 (S.D. N.Y. Jan. 3, 1974).

The term originates from the French phrase -- *cy pres comme possible* -- which translates "as near as possible." The term/concept has been a part of American jurisprudence for years but was generally limited to estates and trusts. The concept has experienced a rapid expansion in class action litigation as a means of disposing of unclaimed class awards and settlements. There are other methods or general theories as to distribution of unclaimed awards:

(1) distribution of unclaimed awards to class members who submitted claims; and

(2) escheat the remainder to the state.[1]

The problem of distributing class funds to third party charities that have little or no connection to the class members was first considered in the frequently cited case of *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990). The problem, as that court noted, was that the benefit was given to a group too far removed from the class and suggested that if *cy pres* was used, it should be to the next best distribution.

Here, the proposed settlement attempts to distribute the funds to the Electronic Frontier Foundation and the Center for Democracy and Technology. What if any connection these organizations have with the class is not mentioned. The fact remains that *cy pres* awards, the best that can be said for a *cy pres* award in this situation is that it

---

[1] *Cy Pres, a Not So Charitable Contributor to Class Action Practice*, John Beisner, 2d Edition, 2010, p. 8. It is possible

might make a class member feel good to give the Defendants' money to someone else. This is different than compensating the class for the Defendants' wrongdoing.

The Court in its role as a fiduciary should carefully review the intended *cy pres* recipients for any relationship with any class representatives, class counsel, the Defendants and their attorneys. Any relationship between the parties or their attorneys with the recipient should be grounds for disqualification of the intended recipient. This could be readily accomplished by the Court requiring a Disclosure Statement. In addition, to avoid any ethical issues, no recipient of a *cy pres* award should have a relationship with the Judge.

**6. Class Counsel's Requested Attorney Fees are Unreasonable Because the Value of the Settlement to the Class is Impermissibly Overstated.**

Objectors believes that a ruling on the fee petition should be deferred until after the date for filing for the settlement vouchers, at a minimum so that the Court can judge the classes' response. If the Court approves the claims period as suggested by the parties then the Court should defer awarding at least a portion of the attorneys' fees until the expiration of the period to file a claim. (b) Objectors object to the attorneys' fees award in this case because it amount to unjust enrichment. Although 25% is a 'benchmark," in this Circuit the actual recovery should depend on the work expended, the time consumed and the results obtained. "Any single rate, however, is arbitrary and cannot capture variations in class actions' valuations." *Manual for Complex Litigation,* Fourth §14.11, p. 184).

It is incumbent on the court to make this decision in a common fund case. The case has been settled early in the process and the Court, serving as a fiduciary for the

absent class, must critically examine class counsel's application and award no more than what is absolutely required to provide reasonable compensation to class counsel. While 25% of the common fund for attorneys' fees is the accepted starting point in this Circuit, the District court can depart from that standard. The District Court may exercise its discretion to choose between the Lodestar method and percentage method in calculating fees. See *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

Class Counsel in their fee petition state that the actual amount being sought is less than their lodestar, which clearly indicates that this settlement is intended to clearly benefit Class Counsel over the class because of their concern that Defendant would prevail.

**6. Joinder in Other Objections.**

This Objector adopts and joins in all other well taken – bona fide objections filed by other Class Members in this case, and incorporates them by reference as if they appeared in full herein.

**7. Relief.**

Wherefore, Objector prays that the Court deny the proposed settlement, deny approval of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

Thomas L. Cox, Jr.
Texas Bar Card 04964400
4934 Tremont
Dallas, Texas 75214
469- 531-3313
tcox009@yahoo.com
Attorney for Objectors

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served according to the instructions in the notice on July 5, 2012, to the following:

With a copy to:

United States District Court
For the Southern District of
California
940 Front Street
Court Room 10,
San Diego, CA 92101-8900

John J. Stoia Jr.
Rubbins Gellar Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Shirli F. Weiss
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101

Thomas L. Cox, Jr.