Brett L. Gibbs, Esq. (SBN 215000)
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900

*Attorney for Objector,
Padraigin Browne*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION <br> ——————————————— <br> Padraigin Browne, <br>     *Objector.* | No. 3:11-md-02238-DMS-RBB <br> **CLASS ACTION** <br> **RESPONSE IN OPPOSITION TO JOINT MOTION TO STRIKE UNTIMELY OBJECTIONS** <br> Judge: Hon. Dana M. Sabraw <br> Date:  Sept. 7, 2012 <br> Time:  1:30 PM |

## **INTRODUCTION**

On August 14, 2012, Defendants and Plaintiffs (collectively, the "Settling Parties") filed a joint motion to strike as untimely any and all objections filed after July 27, 2012. (*See* Notice of Mot. & Joint Mot. to Strike, ECF No. 73.) The Settling Parties assert that such objections are untimely, including objections filed by class member Evan Spies on July 31, 2012 and by class members Warren Sibley, Tracy Klinge, Jordon Echols, and Kimberly Cogbill on August 3, 2012. The Settling Parties would have the Court bar these and other class members from making their objections heard, both through filings and at the final approval hearing on September 7, 2012. Because the Settling Parties bear considerable responsibility for any confusion and will suffer no prejudice, the Court should exercise its discretion to excuse the lateness of the filings.

## PROCEDURAL HISTORY

In its initial Preliminary Approval Order, the Court made clear that it would "consider such objection(s) and papers only if such papers are received on or before fourteen (14) days prior to the Final Approval Hearing." (Order Preliminarily Approving Class Action Settlement at 3–4, Aug. 14, 2012, ECF No. 42.) At that time, the Final Approval Hearing was set for the date of July 20, 2012, which made the effective objection deadline July 6, 2012. (*See id.* at 2.) The Settling Parties' responses to objections were to be due seven (7) days prior to the Final Approval Hearing, which at that time was July 13, 2012. (*See id.* at 5.) However, at no point in the Preliminary Approval Order was the objection deadline set for a date certain—other than by reference to the date of the Final Approval Hearing.

The Court subsequently granted the Settling Parties' joint motion to continue the date set for the Final Approval Hearing to August 31, 2012, an extension of forty-two (42) days. (*See* Order Granting Joint Mot. to Continue Date Set for Hearing on Final Approval of Class Action Settlement & Related Dates at 2, July 2, 2012, ECF No. 50.) In conjunction with this order, the Court accepted the Settling Parties' suggestions for the extension of other dates. The objection deadline was, anomalously, reset to July 27, 2012—an extension of only twenty-one (21) days—while the deadline for the Settling Parties to respond to objections was reset a full forty-two (42) days, to August 24, 2011. Thus, the Settling Parties obtained an extension which contradicted the terms of the Court's Preliminary Approval Order (*see* ECF No. 42 at 3–4), and thereby gained an extra twenty-one (21) days to respond to objections which would not have been afforded to them under the Court's initial Preliminary Approval Order.

On July 10, 2012, the Court again reset the date of the Final Approval Hearing, this time by seven (7) days, to September 7, 2012. (Minute Order, July 10, 2012.) By the terms of the Court's Preliminary Approval Order, this extension would have again moved the deadlines for objections and for responses by the Settling Parties, to August 24, 2012 and August 31, 2012, respectively (*i.e.*, fourteen (14) and seven (7) days, respectively, from the Final Approval Hearing).

# ARGUMENT

The Settling Parties now move the Court to exclude the arguments of class members who filed objections on July 31 and August 3, 2012, arguing that they are out of compliance with the Court's July 2, 2012 Order. The Settling Parties argue that the objection deadline of July 27, 2012 was published on the class notice website and in other ways. (Mot. to Strike Untimely Objections at 2, Aug. 14, 2012, ECF No. 73.) However, the direct logical conflict between the Preliminary Approval Order and the revised objection deadline should excuse the *de minimis* compliance failures noted by the Settling Parties, due to the unclear efficacy of the Settling Parties' notice procedures.

The Court's Preliminary Approval Order very clearly stated that the deadline for objections was to be "fourteen (14) days prior to the Final Approval Hearing." (Order Preliminarily Approving Class Action Settlement at 3–4, Aug. 14, 2012, ECF No. 42.) Thus, a class member who received notice of the revised Final Approval Hearing date and who was familiar with the Court's Preliminary Approval Order would have logically concluded that the deadline for filing objections would move concurrently with the date of the Final Approval Hearing—since the Preliminary Approval Order set the deadline for objections *only* by reference to the date of the Final Approval Hearing. If the objection deadline had moved concurrently with the date of the Final Approval Hearing, as anticipated by the Preliminary Approval Order, the objection deadline would have been either August 17, 2012 (based on the Court's July 2, 2012 Order) or August 24, 2012 (based on the Court's July 10, 2012 Minute Order). Thus, under a logical application of the Court's Preliminary Approval Order, neither of the objections cited by the Settling Parties would have been untimely filed.

Such confusion was foreseeable, and is in such *de minimis* instances wholly excusable due to the unclear efficacy of the Settling Parties' notice procedures. The Court's Preliminary Approval Order has been published much more extensively than the revised objection deadline, and the revised Final Approval Hearing date was published in similar fashion to the revised objection deadline. Significantly, one of the objections specified by the Settling Parties focuses its argument on a critique of the Settling Parties' notice plan. (Objection to Proposed Settlement at 1–3, August 3, 2012, ECF No. 71.) The Settling Parties are asking the Court to strike an objection to the Settling

3
RESPONSE IN OPPOSITION TO MOT. TO STRIKE    CASE NO. 3:11-md-02238-DMS-RBB

Parties' notice procedures, based on the Settling Parties' assurances that notice was provided—the absolute pinnacle of irony and circular logic.

Finally, while these equitable reasons should suffice for the Court to excuse the *de minimis* lateness of these few objectors, it is also important to note that there is, conversely, no equitable reason for the Court to strike their filings. The Settling Parties will not suffer any prejudice from the late filings they cite. Even assuming that the deadline for the Settling Parties to respond to objections remains August 24, 2012—as specified in the Court's August 2, 2012 Order—the Settling Parties will have been granted no less than twenty-one (21) days to respond to the latest-filed objection, which was filed on August 3, 2012. This response period is *three times* as long as the response period of seven (7) days which was originally granted in the Court's Preliminary Approval Order. (*See* Order Preliminarily Approving Class Action Settlement at 3–5, Aug. 14, 2012, ECF No. 42.)

## CONCLUSION

The instant Motion is not about fairness or equity, but merely the naked self-interest of the Settling Parties. The Settling Parties appear all too eager to have the Court throw out objections to their unfair, inadequate, and unreasonable settlement proposal based on a procedural technicality. The Court should refuse, based on these objectors' full compliance with the Court's well-publicized initial Preliminary Approval Order.

The Settling Parties come to the Court without equity on their side, as they have at least some responsibility for engendering the confusion which prompted the instant motion. The Settling Parties previously convinced the Court to grant objecting class members a mere twenty-one (21) day extension on their filing deadline, while granting the Settling Parties a full forty-two (42) day extension on their deadline to respond—an order which logically contradicted the Court's well-publicized Preliminary Approval Order. Any confusion resulting from this was (1) wholly foreseeable, (2) a result of the Settling Parties' own extension request, and (3) as-likely-as-not a result of the Settling Parties' notice plan.

///

///

The Court should, in the interests of equity and justice, excuse the late filing of the two objectors cited by the Settling Parties. Their objections should be considered on the merits. These objections were filed more than a month prior to the actual Final Approval Hearing. Moreover, the Settling Parties will still have had a full twenty-one (21) days to respond to these objections—three times as long as originally anticipated by the Court's Preliminary Approval Order. Respondent will be prejudiced if the objections of fellow class members are improperly stricken.

Respectfully Submitted,

**DATED: August 16, 2012**

By: _____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
38 Miller Avenue, #263
Mill Valley, CA 94941
*Attorney for Objector, Padraigin Browne*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on **August 16, 2012**, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system.

/s Brett Gibbs