ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR. (141757)
RACHEL L. JENSEN (211456)
THOMAS R. MERRICK (177987)
PHONG L. TRAN (204961)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
rachelj@rgrdlaw.com
tmerrick@rgrdlaw.com
ptran@rgrdlaw.com

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE GROUPON MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | No. 3:11-md-02238-DMS-RBB |
| | | PLAINTIFFS' RESPONSE TO OBJECTIONS TO THEIR MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD PAYMENTS |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..........................................................................................................1

II.     PLAINTIFFS' FEE REQUEST IS EMINENTLY REASONABLE UNDER THE
        COMMON FUND DOCTRINE ...................................................................................3

        A.      The Fee Request Is Commensurate with the Benefits Received .............................3

        B.      The Common Fund is Not "Illusory"....................................................................5

III.    THE OBJECTION TO THE "CLEAR SAILING" PROVISION IS BASELESS............7

IV.     THE OBJECTIONS THAT THE INJUNCTIVE RELIEF CANNOT SERVE AS
        A BASIS FOR ATTORNEYS FEES SHOULD BE REJECTED ...................................8

V.      THIS IS NOT A "COUPON" SETTLEMENT ................................................................9

VI.     THE FEE REQUEST IS ALSO SUPPORTED BY A LODESTAR CROSS-
        CHECK ........................................................................................................................10

VII.    CONCLUSION.............................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*AT&T Mobility LLC v. Concepcion*,
__ U.S. __, 131 S. Ct. 1740 (2011)...............................................................5

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980)........................................................................................5

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) ...............................................................1

*Browning v. Yahoo! Inc.*,
No. C04-01463 HRL, 2007 WL 4105971 (N.D. Cal. Nov. 16, 2007)...................................1, 9

*Chalmers v. City of L.A.*,
796 F.2d 1205 (9th Cir. 1986) ......................................................................11

*CompuCredit Corp. v. Greenwood*,
__ U.S. __, 132 S. Ct. 665 (2012) .................................................................5

*Dennis v. Kellogg*,
No. 11-55674, 2012 WL 2870128 (9th Cir. July 13, 2012)...........................4

*Gemelas v. The Dannon Co., Inc.*,
No. 1:08 CV 236, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010).......................2

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......................................................................7

*Harris v. Vector Mktg. Corp.*,
No. C-08-5198 EMC, 2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ...........................4

*Hemphill v. San Diego Ass'n of Realtors, Inc.*,
225 F.R.D. 616 (S.D. Cal. 2004) ...................................................................7

*In re Apple Inc. Sec. Litig.*,
No. 5:06-CV-05208-JF (HRL), 2011 WL 1877988 (N.D. Cal. May 17, 2011) .......................2

*In re AT&T Corp. Sec. Litig.*,
455 F.3d 160 (3d Cir. 2006)...........................................................................10

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ..............................................................3, 4, 7, 8

*In re HP Laser Printer Litig.*,
No. 07-0667 AG (RNBx), 2011 WL 3861703 (C.D. Cal. Aug. 31, 2011)..............................7

**Page**

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    MDL No. 3:07-md-1827 SI, 2011 WL 7575004 (N.D. Cal. Dec. 27, 2011)............................2

*Linney v. Cellular Alaska P'ship*,
    No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997)..........................................8

*Lobatz v. U.S. West Cellular of Cal., Inc.*,
    222 F.3d 1142 (9th Cir. 2000) ..........................................................................................7, 10

*Lonardo v. Travelers Indem. Co.*,
    706 F. Supp. 2d 766 (N.D. Ohio, 2010)..............................................................................2

*Morales v. City of San Rafael*,
    96 F.3d 359 (9th Cir. 1996) ..................................................................................................5

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ..........................................................................................6, 10

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..........................................................................................5, 6, 8

*Stoetzner v. U.S. Steel Corp.*,
    897 F.2d 115 (3d Cir. 1990).................................................................................................1

*Vizcaino v. Microsoft Corp.*,
    290 F. 3d 1043 (9th Cir. 2002) ..........................................................................................10

*Welch v. Metro. Life Ins. Co*,
    480 F. 3d 942 (9th Cir. 2009) ..........................................................................................11

*Wilson v. Airborne, Inc.*,
    No. EDCV 07-770-VAP (OPx), 2008 U.S. Dist LEXIS 110411
    (C.D. Cal. Aug. 13, 2008) ..................................................................................................2

*Young v. Polo Retail, LLC*,
    No. C-02-4546 VRW, 2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ......................................9

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
    §1712................................................................................................................................9

1

2                                                                              **Page**

3   **SECONDARY AUTHORITIES**

4   Brenda Kearney, *The Deal Breakers: A look at professional class objectors in Md.*,
5         The Daily Record, May 23, 2010
            (available at http://www.dolanmedia.com/view.cfm?recID=596685) ...................................2

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs, by and through Class Counsel, respectfully submit this response to objections to

2    their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Award

3    Payments ("Fee Request"), an award sought based on the valuable Settlement negotiated on behalf

4    of the Class.[1]

5    **I.    INTRODUCTION**

6    In response to the Notice disseminated directly to over 14.4 million Class Members pursuant

7    to the Court's Order Preliminarily Approving Class Action Settlement ("Preliminary Approval

8    Order"), only seven objections were filed on behalf of 16 class members to Plaintiffs' Fee Request

9    were filed.[2]  The *de minimus* number of objections – 0.000111% of potential Class Members – is

10   noteworthy in light of the extensive Notice program that reached millions of consumers and garnered

11   significant publicity.  Declaration of Tore Hodne [in Support of Joint Motion for Final Approval of

12   Class Action Settlement] ("Joint Motion") ("Hodne Decl.") (Dkt. No. 72-3), ¶¶7, 10-13, 16-17, 25.

13   The paucity of objections to a request for attorneys' fees is strong evidence that the fees are fair and

14   reasonable.  *Browning v. Yahoo! Inc*., No. C04-01463 HRL, 2007 WL 4105971, at *12 (N.D. Cal.

15   Nov. 16, 2007); *Stoetzner v. U.S. Steel Corp*., 897 F.2d 115, 118-19 (3d Cir. 1990) (objections by

16   only 10% of class "strongly favors settlement"); *Boyd v. Bechtel Corp*., 485 F. Supp. 610, 624 (N.D.

17   Cal. 1979) (finding "persuasive" that 84% of the class filed no opposition).

18   Further, of the seven objections filed, five were filed by or at the behest of professional

19   objectors to extract a fee and/or to further an anti-class action ideological agenda.[3]  Courts have

20

_____

21   [1]    All capitalized terms herein shall have the same meaning as in the Stipulation of Class Action

22   Settlement ("Stipulation") submitted to this Court on March 29, 2012 (Dkt. No. 40-3).

23   [2]    These same objectors also objected to the Settlement Agreement.  Those objections are
     addressed in the parties' Joint Response to Objections to Final Approval of Class Action Settlement

24   ("Joint Response"), filed concurrently herewith.  Two additional objectors raised the issue of
     attorneys' fees generally but did not provide any specific bases for their objections. *See* Objection of

25   Phuong Wolkiewicz and Jorge H. Miyares, Jr.  As they lack any analysis, Plaintiffs do not separately
     respond to them.

26   [3]    Professional objectors represent 14 of 16 Class Members objecting to Plaintiffs' Fee Request,

27   including Theodore Frank ("Frank") (representing himself); Darrell Palmer ("Palmer") (representing
     Chris Brown, Maggie Strohlein and Robert Falkner); Brett L. Gibbs ("Gibbs") (presumptive

28   ghostwriter for Paul Hansmeier representing Padraigin Browne); Steve A. Miller, Jonathan E.

1   discredited many of these serial objectors. *See, e.g.*, *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.

2   2d 766, 773, 785 (N.D. Ohio, 2010) (describing objector Frank's brief as "'long on ideology and

3   short on law'")[4]; *Wilson v. Airborne, Inc.*,  No. EDCV 07-770-VAP (OPx), 2008 U.S. Dist LEXIS

4   110411, at *9 n.3, *10 n.5, *26 (C.D. Cal. Aug. 13, 2008) (disregarding Palmer's objections as

5   "without merit")[5]; *In re: Reebok Easytone Litig.*, No. 3:12-MC-00001-L(BF) at 4 ("Mr. Cox is a

6   'frequent and professional objector'") & n.3 (noting none of his objections were sustained in any

7   case since 2010); *see* Declaration of John J. Stoia, Jr. in Support of Joint Response ("Stoia Response

8   Decl."), Ex. B, filed concurrently herewith.

9         The remaining objections, without support, simply assert that the Fee Request is too large.[6]

10  These summary objections should be overruled out of hand. *See, e.g.*, *In re TFT-LCD (Flat Panel)*

11  *Antitrust Litig.*, MDL No. 3:07-md-1827 SI, 2011 WL 7575004, at *3 (N.D. Cal. Dec. 27, 2011)

12  ("generalized three-sentence objection to the size of the fee requested lacks substance").

13        As set forth in Plaintiffs' moving papers, the Fee Request represents a standard "benchmark"

14  amount, eminently reasonable whether as a percentage of the common fund or when cross-checked

15

---

16  Fortman, John C. Kress and J. Scott Kessinger (collectively, the "Miller Objectors") (representing

17  Maureen Connors, Aileen Connors, Chris Schulte, Andrea Miller and Jen Maxfield); and Thomas L.
     Cox, Jr. ("Cox") (representing Warren Sibley, Tracy Klinge, Jordon Echols and Kimberly M.

18  Cogbill).  *See also* Joint Response at 3-6 (addressing professional objectors).

19  [4]     Professional objector Frank, of the "Center for Class Action Fairness," is unconcerned with
    the benefits of class action settlements to consumers.  The goal of his organization is to do away with

20  class actions altogether.  He recently called plaintiffs' class action lawyers "parasites." *See* Brenda
    Kearney, *The Deal Breakers: A look at professional class objectors in Md.*, The Daily Record, May

21  23, 2010 (available at http://www.dolanmedia.com/view.cfm?recID=596685).  Frank insists his
    objection is brought in good faith and he does not seek to profit from his work, yet Mr. Frank has

22  repeatedly sought fee awards as compensation for his objections. *See, e.g.*, *In re Apple Inc. Sec.*
    *Litig.*, No. 5:06-CV-05208-JF (HRL), 2011 WL 1877988, at *4-*6 (N.D. Cal. May 17, 2011);

23  *Lonardo*, 706 F. Supp. 2d at 803-17 (unsuccessfully requesting a lodestar multiplier of 2.2).  All
    emphasis is added and internal citations omitted, unless noted otherwise.

24  [5]     Palmer has been found to be a "'serial objector.'"  *See Gemelas v. The Dannon Co., Inc.*, No.

25  1:08 CV 236, 2010 U.S. Dist. LEXIS 99503, at *5 (N.D. Ohio Aug. 31, 2010); *see also Poss v. 21st*
    *Century Ins. Co.*, No. BC297438 (L.A. Super. Ct. Apr. 25, 2011), Tr. at 19 (noting Mr. Palmer's

26  history of objecting: "There is a history here, and the history is not one that you [Mr. Palmer] should
    be proud of.").  Stoia Response Decl., Ex. A.

27  [6]     *See* objections of Daniel J. Hall (Dkt. No. 53) and Sean Hull (Dkt. No. 55).

28

under the lodestar/multiplier method.  Plaintiffs seek 25% of the $8.5 million Settlement Fund, which results in a ***negative*** multiplier, and does not account for the other valuable relief negotiated on behalf of the Class, including Settlement Vouchers to redeem for the goods and services Class Members originally purchased, and injunctive relief which requires Groupon to make important changes to the way it does business and will inure to the benefit of Class Members in the future.  As described more fully below, the few objections submitted are without merit and should be overruled.

## II.   PLAINTIFFS' FEE REQUEST IS EMINENTLY REASONABLE UNDER THE COMMON FUND DOCTRINE

Despite the fact that Plaintiffs request a standard fee solidly justified by the law and circumstances of the case, professional objectors have lodged baseless arguments as to Plaintiffs' Fee Request in order to extract a fee for themselves.  Specifically, professional objectors Gibbs, Cox, Palmer, Frank and Miller argue different variations on the same theme: (1) the Fee Request is disproportionate to the benefits to the Class; and/or (2) the Fund either does not exist or is "illusory." The Court should reject these arguments in their entirety.

### A.   The Fee Request Is Commensurate with the Benefits Received

Plaintiffs seek a benchmark percentage of the $8.5 million Settlement Fund created to provide refunds to Class Members.  Such a request is solidly within the bounds of the law in this Circuit.  Nevertheless, Frank and Gibbs argue the fees are disproportionate to the benefits to the Class, relying on *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).  *See* Frank Objection (Dkt. No. 67) at 9; Gibbs Objection (Dkt. No. 57) at 15-16.  However, *Bluetooth* simply reiterates the long-standing principle that the district court must ensure "that the amount [of fees] awarded was not unreasonably excessive in light of the results achieved." 654 F.3d. at 943. The facts of *Bluetooth* bear no resemblance to this Action.  In *Bluetooth*, the district court, despite applying the lodestar method, "never announced a lodestar figure," and otherwise failed to employ a specific calculation or explanation of the fee awarded.  *Id.*  Further, in *Bluetooth*, the settlement provided primarily injunctive relief and the ***only*** monetary recovery was a *cy pres* award.  *Id.* at 938.

Unlike *Bluetooth*, the fee sought here is a percentage of a common fund that is fully supported by a lodestar cross-check that results in a negative multiplier – leaving aside the work that

1   Class Counsel has and will continue to do through the Final Approval Hearing, any appeals that

2   follow, and to implement the Settlement Agreement.  Additionally, unlike the settlement "relief" in

3   *Bluetooth*, where the only monetary recovery was "$100,000 in *cy pres* awards and zero dollars for

4   economic injury," 654 F.3d at 938.  Class Members here are eligible to receive: (1) full cash refunds

5   (in some instances, greater than the amount they paid for their Groupon Vouchers);[7] (2) Settlement

6   Vouchers redeemable for the goods and services originally sought (equaling Class Members' out-of-

7   pocket expenditures); (3) *cy pres* payments if unclaimed funds remain after distribution of all the

8   refunds requested by Class Members; and (4) considerable injunctive relief.  These benefits clearly

9   exceed the type of "relief" offered in *Bluetooth*, and more than support the Fee Request.  *See, e.g.*,

10  *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *5 (N.D. Cal. Feb. 6,

11  2012) (reasoning that because "fees are now on par with the money to the class and the *cy pres*

12  combined (roughly 1:1) . . . [t]he Court is not faced with a situation where fees are disproportionate

13  to the class award as in *Bluetooth*").  Plaintiffs do not even request attorneys' fees based on the

14  additional value of the Settlement Vouchers or injunctive relief under the Settlement, which, though

15  the parties have not placed a specific dollar amount on their value, is clearly valuable to millions of

16  Class Members going forward, especially considering Groupon's reformed disclosures and practices.

17        Frank also relies mistakenly on *Dennis v. Kellogg*, No. 11-55674, 2012 WL 2870128 (9th

18  Cir. July 13, 2012).  Frank Objection (Dkt. No. 67) at 9.  *Kellogg* is inapposite.  As in *Bluetooth*, the

19  *Kellogg* settlement was primarily *cy pres* and when the $5.5 million *cy pres* distribution was

20  subtracted from the parties' valuation of the fund, the requested fee ate up 38% of the remaining

21  fund.  *Kellog*, 2012 WL 2870128, at *10.  Further, the requested fee in *Kellogg* was 4.3 times

22  counsel's lodestar and resulted in a $2,100 hourly rate. *Id*. at *1, *9.  In contrast, Class Counsel

23  seeks 25% of the multi-million dollar Settlement Fund, which represents an amount over $800,000

24  *less* than Plaintiffs' Counsel's total lodestar as of the filing of their Fee Request in late June and does

25

26  [7]      As explained in the parties' Joint Motion, and their Joint Response, filed concurrently
    herewith, no pro rata reduction is likely to occur.  Memorandum in Support of Motion for Final
27  Approval of Class Action Settlement (Dkt. No. 72-1) at 18-19; Joint Response at 15-16.  Thus, Class
    Members will realistically receive 100% refunds or greater.

28

1   not include their work since that time in preparing for final approval or future work.  Declaration of

2   Rachel L. Jensen in Support of Plaintiffs' Fee Request ("Jensen Decl.") (Dkt. No. 48-2), ¶55 &

3   Table 1.

4         Finally, notwithstanding Gibbs and the Miller Objectors' contentions to the contrary, the

5   Court, in determining the reasonableness of the Fee Request, *is entitled* to take into account the risk

6   and uncertain outcome of proceeding to trial, the need for immediacy of recovery, and the significant

7   nonmonetary benefits achieved for Plaintiffs and society.  *See Morales v. City of San Rafael*, 96 F.3d

8   359, 365 (9th Cir. 1996).  Here, Plaintiffs faced substantial risks, including that Groupon would

9   successfully move to compel them to individual mandatory arbitration, and the validity of a class

10   action waiver in the wake of *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S. Ct. 1740 (2011)

11   and *CompuCredit Corp. v. Greenwood*, __ U.S. __, 132 S. Ct. 665, 668-69 (2012), thus foreclosing

12   any relief whatsoever to the Settlement Class on a class-wide basis.  *See* Declaration of the

13   Honorable Daniel H. Weinstein (Ret.) in Support of Joint Motion ("Weinstein Decl.") (Dkt. No. 72-

14   5), ¶¶5, 9; Declaration of John J. Stoia, Jr. in Support of Joint Motion ("Stoia Decl.") (Dkt. No. 72-

15   2), ¶18.  Further, contrary to the objectors' contentions, the Settlement Fund confers extensive

16   monetary benefits to the Class, in addition to injunctive relief.

17         For all these reasons, the Fee Request is proportionate to the benefit to the Class.

18       **B.**    **The Common Fund is Not "Illusory"**

19         Several objectors nitpick various aspects of the Settlement Fund, claiming that Attorneys'

20   Fees and Expenses, claims administration costs, the *cy pres* award, and even the settlement funds

21   designated for refunds should not be included in valuing the common fund.  *See* Frank Objection

22   (Dkt. No. 67) at 9-10; Miller Objectors Objections (Dkt. No. 68) at 7-8; Palmer Objection (Dkt. No.

23   58) at 5-6; Gibbs Objection (Dkt. No. 57) at 18-19.

24         However, the Ninth Circuit has specifically held, "[u]nder 'common fund' doctrine, 'a

25   litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his

26   client is entitled to a reasonable attorney's fee from the fund as a whole.'"  *Staton v. Boeing Co.*, 327

27   F.3d 938, 967 (9th Cir. 2003); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("The [common

28   fund] doctrine rests on the perception that persons who obtain the benefit of a lawsuit without

1    contributing to its cost are unjustly enriched at the successful litigant's expense.  Jurisdiction over

2    the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees

3    against the entire fund, thus spreading fees proportionately among those benefited by the suit.").

4         For example, Frank argues that the "$8.5 million figure is . . . illusory, because it includes the

5    costs of 'claims administration.'"  Frank Objection (Dkt. No. 67) at 9.  However, "where the

6    defendant pays the justifiable cost of notice to the class . . . it is reasonable . . . to include that cost in

7    a putative common fund benefiting the plaintiffs for all purposes, including the calculation of

8    attorneys' fees."  *Staton*, 327 F.3d at 975.  Further, Frank's assertion that Class Counsel only

9    achieves the 25% benchmark through "artificial inflation of the denominator" is misplaced.  *See*

10   Frank Objection  (Dkt. No. 67) at 9.  "'[T]he choice of whether to base an attorneys' fee award on

11   either net or gross recovery should not make a difference so long as the end result is reasonable. Our

12   case law teaches that the reasonableness of attorneys' fees is not measured by the choice of the

13   denominator.'"  *Staton*, 327 F.3d at 975.

14        Moreover, Frank, the Miller objectors, Palmer and Gibbs make the meritless argument that

15   the $8.5 million Settlement Fund does not provide monetary relief to the Class.[8]  The Settlement

16   Agreement provides Class Members $8.5 million in cash.  This amount, less Court-ordered Fees and

17   Expenses, claims administration and notice costs is available for refunds, which refunds may total up

18   to 120% of Class Members' out-of-pocket losses if they are unable to redeem their Settlement

19   Vouchers because the Merchant Partner refuses to honor their Settlement Voucher or has gone out of

20   business.  §E.3.  These economic benefits cannot seriously be called "illusory."[9]

21

22

---

23   [8]    *See also* Joint Response at 10, 15-16 n.17 (addressing the application of the Second
     Settlement Fund).

24   [9]    Gibbs, Frank and the Miller Objectors also argue that the *cy pres* award should not be
25   considered as part of the common fund.  The $75,000 *cy pres* award represents less than 1% of the
     monetary relief and any additional *cy pres* amount is contingent on funds remaining after full
26   disbursement of the Settlement Funds to Class Members.  *See* §D.3.  Even so, inclusion of *cy pres* in
     the common fund is commonplace. *See, e.g., Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904
27   F.2d 1301, 1311 (9th Cir. 1990) (awarding 25% of common fund as attorneys' fees, including
     statutory damages and a *cy pres* distribution of unclaimed funds).

28

### III. THE OBJECTION TO THE "CLEAR SAILING" PROVISION IS BASELESS

Without setting forth *any* substantiating evidence, and in the face of evidence to the contrary, professional objector Gibbs claims that the parties negotiated fees at the same time as substantive relief, and asserts that such "signs of collusion" necessitate an especially high level of scrutiny and rejection of Plaintiffs' Fee Request. *See* Gibbs Objection (Dkt. No. 57) at 16-18, 25.

There simply is no evidence of collusion and Gibbs offers none. Weinstein Decl., ¶¶7-13; Declaration of Shirli F. Weiss in Support of Joint Motion ("Weiss Decl.") (Dkt. No. 72-4), ¶21; Stoia Decl., ¶15. Judge Weinstein is adamant on this point. *See* Weinstein Decl., ¶5 ("The parties were represented through zealous and able counsel who negotiated aggressively and at arm's length . . . . I unreservedly recommend the settlement that has been reached as reasonable, hard-fought, arm's length, and accurately reflective of the risks and potential rewards of the claims being settled."), *id.* at ¶¶11, 15 (attorneys fees were not discussed until after all other substantive issues were resolved); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (district court appropriately "relied on the mediator as independent confirmation that the agreed-upon fee was not the result of collusion or a sacrifice to the interests of the class"). The only evidence submitted shows that the attorneys' fees and expenses provision did not enable Groupon to pay Class Counsel excessive fees in exchange for unfair settlement terms for the Class.

Where, as here, there is no evidence of collusion, the Ninth Circuit has upheld fee requests which defendants agreed not to oppose. *See Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1148-49 (9th Cir. 2000) ("[a]lthough the potential for collusion existed, nothing before the court suggested any collusion occurred, and [the objector] made no such showing"); *Hanlon*, 150 F.3d at 1029; *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 624 (S.D. Cal. 2004).[10]

---

[10] In any event, the fact that a single "warning sign" exists, *i.e.*, defendants agreement not to object to an application for fees and expenses not to exceed 25%, is by no way dispositive of the existence of collusion. *See, e.g., In re HP Laser Printer Litig.*, No. 07-0667 AG (RNBx), 2011 WL 3861703, at *5 (C.D. Cal. Aug. 31, 2011) (finding "that there was no collusion between the parties in reaching this settlement, despite the presence of warning signs identified by *In re Bluetooth*").

*Bluetooth*, on which Gibbs mistakenly relies, does not apply here either.  Unlike the parties in *Bluetooth*, Class Counsel here submitted substantial evidence, including their own sworn declarations and the sworn declaration of Judge Weinstein to corroborate that the settlement was negotiated at arm's length, was extremely hard-fought, and without collusion.  *See* Weinstein Decl., ¶¶5, 16-18; Weiss Decl., ¶¶20-26; Stoia Decl., ¶¶13-17.  Gibbs has submitted no evidence to support his asserted "signs of collusion" here.

## IV.   THE OBJECTIONS THAT THE INJUNCTIVE RELIEF CANNOT SERVE AS A BASIS FOR ATTORNEYS FEES SHOULD BE REJECTED

Objectors Gibbs, Palmer and the Miller Objectors argue that the injunctive relief negotiated for the benefit of the Class cannot serve as a basis for the determination of attorneys' fees and cannot otherwise be valued.[11]  This is wrong as a matter of law and in any event, is inapposite here since Class Counsel has not requested additional fees based on the value of the injunctive relief provided by the Settlement.

Even assuming arguendo that Class Counsel was seeking additional fees based on the injunctive relief, the Ninth Circuit has held "courts should consider the value of the injunctive relief obtained as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees, rather than as part of the fund itself." *Staton*, 327 F.3d at 974.  Importantly, the precise value of the injunctive relief need not be determined to support an award of attorneys' fees under the common fund.  *See Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *7  (N.D. Cal. July 18, 1997) (awarding 33% of common fund, acknowledging "benefit based upon injunctive relief with a value, although no doubt substantial, that can only be estimated").

Here, the injunctive relief negotiated as part of the Settlement Agreement requires Groupon to make substantial reforms to its sales practices, which were not in effect before these lawsuits.  Specifically, under the Settlement Agreement, Groupon must: (i) for three (3) years after the

---

[11]   Additionally, Frank argues that "the injunctive relief is entirely gratuitous," but does not discuss the injunctive relief in the context of attorneys' fees.  Frank Objection (Dkt. No. 67) at 7.

1   Effective Date, agree not to issue Vouchers with expiration of the Customer Purchase Price, except

2   for limited exceptions described in the Settlement; (ii) provide clear and conspicuous disclosures

3   prior to purchase and on the Groupon Vouchers, explaining the difference between the expiration

4   dates for the Promotional Value versus the Purchase Price; (iii) display these disclosures on mobile

5   devices and applications prior to purchase; and (iv) ensure that 90% or more of its annual Daily

6   Deals have Promotional Values that extend for 30 days or more.  *See* §D.1(a), (c), and (d).  These

7   benefits provide ample ***additional*** support to justify Class Counsel's requested fee.

8   **V.   THIS IS NOT A "COUPON" SETTLEMENT**

9   Frank, Gibbs and the Miller Objectors object to the Fee on the basis that the Settlement is a

10  "coupon settlement," for which the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1712, requires

11  attorneys' fees be tied to the value of coupons redeemed.  *See* Frank Objection (Dkt. No. 67) at 9;

12  Miller Objectors' Objection (Dkt. No. 68) at 4-7.  Similarly, Palmer argues this is a "Claims Made

13  Settlement" and the Court should wait for claims data to award fees.  Palmer Objection (Dkt. No. 58)

14  at 4-5.

15  However, under CAFA, a "coupon" means a discount for a product or service requiring Class

16  Members to spend additional money to realize a benefit.  *See Browning*, 2007 WL 4105971, at *5

17  ("[I]n-kind relief offered in this case is not a 'coupon settlement' because it does not require class

18  members to spend money in order to realize the settlement benefit[.]").

19  Here, the Settlement is obviously not a "coupon" settlement.  For purposes of Plaintiffs'

20  Attorneys' Fees Motion, their fee request only pertains to the common fund of $8.5 million in cash

21  refunds for Class Members.  The value of Settlement Vouchers are not even part of the common

22  fund – they are ***added*** value on top of the Settlement Fund.  In addition, as to the Settlement

23  Vouchers, Class Members will receive either goods or services from the merchant or refunds of up to

24  120% of their purchase price.  They need ***not*** spend any money out-of-pocket to realize the benefit.

25  Thus, even assuming arguendo that the Fee Request relied on the value created by the Settlement

26  Vouchers, CAFA does not apply.  *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 WL

27  951821, at *5 (N.D. Cal. Mar. 28, 2007).  Accordingly, there is no reason to delay awarding fees

28  until after the claims deadline runs.  *Browning*, 2007 WL 4105971, at *14 n.19 (rejecting objector

1   argument that attorneys' fees should be based on "actual redemption rates" instead of "total amount

2   of the benefit created"); *Six (6) Mexican Workers*, 904 F.2d at 1311 ("attorneys' fees sought under a

3   common fund theory should be assessed against every Class Members' share, not just the claiming

4   members").  The authority submitted by the Objectors applies to "coupons, discounts, warrants and

5   the like" and is thus inapposite.  *See* Palmer Objection (Dkt. No. 58) at 4-5; Gibbs Objection (Dkt.

6   No. 57) at 4-5; Miller Objectors Objection (Dkt. No. 68) at 4-7.  In fact, courts routinely reject

7   arguments that attorneys' fees should be delayed until all claims are received.  *See, e.g.*, *In re AT&T*

8   *Corp. Sec. Litig.*, 455 F.3d 160, 174 (3d Cir. 2006).

9   **VI.     THE FEE REQUEST IS ALSO SUPPORTED BY A LODESTAR CROSS-**
    **CHECK**

10
11          Gibbs argues that the Court should reject the common fund approach and that Class

12   Counsel's fees are excessive under the lodestar method.  Gibbs Objection (Dkt. No. 57) at 19-23.

13          Because, the Fee Request falls directly in line with the benchmark award of 25% of the

14   common fund (*see, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1047) (9th Cir. 2002)), the

15   Court need not analyze the Fee Request under the lodestar method.  However, applying a lodestar

16   cross-check to Plaintiffs' Fee Request here simply confirms the reasonableness of the fee since it

17   results in a ***negative*** multiplier of .725% as of the filing of the Fee Request and not including work

18   preparing for the Final Approval Hearing, potential appeals, or further Settlement administration.

19          Gibbs' argument that Plaintiffs have failed to individually itemize tasks and provide time

20   records is misplaced.  Where, as here, there is no evidence of collusion, the Court need not conduct a

21   line-by-line review of Plaintiffs' Counsel's fee and expense records.  *See Lobatz*, 222 F.3d at 1148.

22   Thus, while Plaintiffs will provide such records to the Court upon request, the declarations already

23   provide a sufficient basis to decide Plaintiffs' fee motion.  *See generally*, Jensen Decl.; Declarations

24   of Plaintiffs' Counsel submitted with Motion for Fees and Expenses (Dkt. Nos. 48-6 to 48-26).

25          Apparently without even bothering to review Plaintiffs' Fee Request, Gibbs argues that the

26   Court should apply a negative multiplier.  Given the record before the Court (*i.e.* that the requested

27   fee results in a negative multiplier), this is nothing more than an uninformed, canned objection.

28   Jensen Decl., at ¶¶55-60.  Further, Gibbs requests that Plaintiffs' lodestar be reduced 20% for "block

1  billing" and another 20% for billing in quarter-hour increments (citing *Welch v. Metro. Life Ins. Co*,

2  480 F. 3d 942, 948 (9th Cir. 2009)).  However, unlike here, where Plaintiffs' Fee Request is based

3  on a percentage of the common fund, *Welch* analyzed fees solely under the lodestar/multiplier

4  approach because plaintiff sought statutory fees with no common fund.  *Id*. at 944-46.  Further, the

5  Ninth Circuit vacated the district court's reduction of 20% across-the-board reduction for block

6  billing, directing the district to court "'explain how or why . . . the reduction . . .  fairly balance[s]'"

7  the hours that were actually block billed.  *Id*. at 948.  Additionally, with regards to quarter-hour

8  billing, at best, *Welch* stands for the proposition that district courts are "in the best position to

9  determine in the first instance whether counsel's practice of billing by the quarter-hour resulted in a

10 request for compensation for hours not reasonably expended on the litigation." *See Chalmers v. City*

11 *of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986). ("the district court's calculation of an award need not

12 be done with precision").  The common-fund percentage Plaintiffs request already reduces their

13 lodestar to .725 of lodestar actually incurred by Plaintiffs' Counsel, and does not seek compensation

14 for the considerable amount of time that Class Counsel have and will continue to spend preparing for

15 the Final Approval Hearing, handling possible appeals and implementing the Settlement.  Jensen

16 Decl., ¶¶55-60.  Accordingly, the ample evidence submitted with Plaintiffs' Fee Request fully

17 supports the lodestar cross-check, and Gibbs' objections should be overruled.

18

19

20

21

22

23

24

25

26

27

28

1    VII.    CONCLUSION

2           For the reasons stated above, the objectors' arguments are without merit.   Plaintiffs

3    respectfully request that the objections be overruled in their entirety, and that the Court award Class

4    Counsel $2,125,000 in attorneys' fees and expenses, and award them $500 each for their time and

5    effort as Class Representatives in this Action.

6    DATED:  August 24, 2012                    Respectfully submitted,

7                                               ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
8                                              JOHN J. STOIA, JR.
                                                RACHEL L. JENSEN
9                                              THOMAS R. MERRICK
                                                PHONG L. TRAN
10

11                                                       s/ Rachel L. Jensen
12                                                    RACHEL L. JENSEN

13                                             655 West Broadway, Suite 1900
                                                San Diego, CA  92101
14                                             Telephone:  619/231-1058
                                                619/231-7423 (fax)
15
                                               Class Counsel
16
                                               BONNETT FAIRBOURN FRIEDMAN &
17                                              BALINT, P.C.
                                                ANDREW S. FRIEDMAN
18                                             2901 N. Central Avenue, Suite 1000
                                                Phoenix, AZ  85012
19                                             Telephone: 602/274-1100
                                                602/274-1199 (fax)
20
                                               CUNEO GILBERT & LaDUCA, LLP
21                                              CHARLES J. LADUCA
                                                507 C Street, NE
22                                             Washington, DC  20002
                                                Telephone: 202/789-3960
23                                             202/789-1813 (fax)

24

25

26

27

28

1

2  WITES & KAPETAN, P.A.
   MARC AARON WITES
3  4400 North Federal Highway
   Lighthouse Point, FL  33064
4  Telephone: 954/570-8989
   954/354-0205 (fax)

5  AUDET & PARTNERS, LLP
   MICHAEL A. MCSHANE
6  221 Main Street, Suite 1460
   San Francisco, CA  94105
7  Telephone: 415/568-2555
   415/576-1776 (fax)

8
   STRANGE & CARPENTER
9  BRIAN STRANGE
   12100 Wilshire Boulevard, Suite 1900
10 Los Angeles, CA  90025
   Telephone: 310/207-5055
11 310/826-3210 (fax)

12 Plaintiffs' Steering Committee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 24, 2012.

         s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
      & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:rachelj@rgrdlaw.com

755934_1

3:11-md-02238-DMS-RBB

# Mailing Information for a Case 3:11-md-02238-DMS-RBB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Donald Chidi Amamgbo , Esq**
  donald@amamgbolaw.com

- **Jarod M Bona**
  jarod.bona@dlapiper.com

- **Mark Anthony Bulgarelli**
  markb@progressivelaw.com,kpe@progressivelaw.com,mbulgare@hotmail.com

- **Jonathan Stephen Burns**
  jburns@wklawyers.com

- **Jay S Carlson**
  JayCarlson.legal@gmail.com

- **Christopher Robert Carney**
  christopher.carney@cgi-law.com

- **Todd D. Carpenter**
  tcarpenter@bffb.com,tdinardo@bffb.com,rcreech@bffb.com,lgomez-gray@bffb.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Maureen Connors**
  sampc01@gmail.com

- **Dana E. Deering**
  ddeering@pdfslaw.com

- **Christopher M. Ellis**
  cellis@brelaw.com

- **Theodore Frank**
  tfrank@gmail.com

- **David A. Futscher**
  dfutscher@pdfslaw.com

- **Brett Landgon Gibbs**
  blgibbs@wefightpiracy.com,docket@wefightpiracy.com

- **Sean P Gillespie**
  sean.gillespie@cgi-law.com

- **Clayton D Halunen**
  halunen@halunenlaw.com

- **Robert Brent Irby**
  birby@mhcilaw.com

- **Samuel Bayard Isaacson**
  samuel.isaacson@dlapiper.com

- **Kenan Lee Isitt**
  kenan.isitt@cgi-law.com

- **Matthew J. Iverson**
  matthew.iverson@dlapiper.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com

- **Michael Alan Johnson**
  mjohnsonlawyer@aol.com

- **Noah A Katsell**
  noah.katsell@dlapiper.com,sarah.walter@dlapiper.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

- **Charles J. LaDuca**
  charlesl@cuneolaw.com

- **Anthony Darrell Lehman**
  anthony.lehman@dlapiper.com

- **Ronald M. Lepinskas**
  ronald.lepinskas@dlapiper.com

- **David C Lundsgaard**
  dlundsgaard@grahamdunn.com

- **Fredrick Howard Lebron McClure**
  fredrick.mcclure@dlapiper.com

- **Bradley T. Meissner**
  bmeissner@fenwick.com,doconnor@fenwick.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Matthew Evan Miller**
  mmiller@cuneolaw.com

- **Sara Z. Moghadam**
  sara.moghadam@dlapiper.com

- **Jason Moore**
  jason@vaneyk-moore.com

- **Derek A Newman**
  derek@newmanlaw.com,docketing@newmanlaw.com,sarah@newmanlaw.com,linke@newmanlaw.com

- **Andrea Pridham**
  grenville@grenvillepridham.com

- **Julio Joaquin Ramos**
  ramosfortrustee@yahoo.com

- **Joseph Anton Roselius**
  joseph.roselius@dlapiper.com

- **Elaine A. Ryan**
  eryan@bffb.com,rcreech@bffb.com,nserden@bffb.com

- **Charles E. Schaffer**
  Cschaffer@lfsblaw.com

- **Myles A Schneider**
  myles@maschneider.com

- **John J. Stoia , Jr**
  JohnS@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Brian Russell Strange**
  lacounsel@earthlink.net,abacon@strangeandcarpenter.com,gcarpenter@strangeandcarpenter.com,jhood@strangeandcarpenter.com

- **Stephen A. Swedlow**
  swedlow@swedlowlaw.com

- **Patricia Nicole Syverson**
  psyverson@bffb.com

- **James Michael Terrell**
  jterrell@mmlaw.net

- **Reginald Terrell**
  reggiet2@aol.com

- **Brendan S. Thompson**
  brendant@cuneolaw.com

- **Edward Colin Thompson**
  colin.thompson@dlapiper.com

- **Phong L. Tran**
  ptran@rgrdlaw.com

- **Phong Le Tran**
  Ptran@rgrdlaw.com,junei@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Shaun Van Eyk**
  shaun@vaneyk-moore.com,vaneyk.law@gmail.com

- **Michael D. Vhay**
  michael.vhay@dlapiper.com

- **Shawn J. Wanta**
  sjwanta@baillonhome.com,mjhensold@baillonhome.com,akgunaseelan@baillonhome.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Marc Aaron Wites**
  mwites@wklawyers.com

- **Christopher Munro Young**
  chris.young@dlapiper.com,sarah.walter@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Peter            M. Ellis
DLA Piper LLP (US)
203 North LaSalle Street
Suite 1900
Chicago, IL 60601

Andrew-NA        S Friedman
Not Admitted
,

Kenneth Hinton
4139 Peppertree Lane
Silver Spring, MD 20906
```

**E. G. Johnson**
1269 Southview Drive #101
Oxon Hill, MD 20745

**Michael        A. Johnson**
Michael A. Johnson & Associates
415 North LaSalle Street
Suite 502
Chicago, IL 60610

**Charles-NA        J. LaDuca**
Not Admitted
,

**Michael        A. McShane**
Audet & Partners, LLP
221 Main Street
Suite 1460
San Francisco, CA 94105