# Law Office of
# Grenville Pridham

2522 Chambers Road, Suite 100<br>
Tustin, CA 92780<br><br>
TEL.: 714-486-5144<br>
Email: grenville@grenvillepridham.com

October 15, 2012

Hon. Dana M. Sabraw
United States District Court
Southern District Of California
940 Front Street
San Diego, CA 92101

Filed and Served via ECF

Re:   IN RE: GROUPON, INC., MARKETING AND SALES PRACTICES LITIGATION,
      CASE NO. 11md2238 DMS (RBB)
      Proposed Orders

Your Honor:

The undersigned represents Andrea Pridham and has been approached about representing Kenn Hinton (who is currently represented by Christopher Langone of New York) and Evan Spies (who is currently represented by Mark Lavery of Chicago). Andrea Pridham and Evan Spies were objectors, whose objections to the cy-pres provisions of the original settlement were sustained by the Court's order denying final approval of the settlement. Mr. Hinton was an opt-out, whose case was consolidated to this Court by MDL order.

We have recently learned that a proposed final order has been submitted to this court that purports to approve a modified version of the previously-rejected proposed settlement. This proposed ORDER APPROVING CLASS ACTION SETTLEMENT contains language claiming to deny the objections as "moot." We object to the entry of this order. These objections were sustained. Any new settlement, or approval of a new settlement, should be on notice in accordance with FRCP Rule 23. At a minimum, a motion should be filed that allows the notice time provided by local and federal rules of civil procedure.

Also, the order purports to resolve all claims, including Mr. Hinton's – who opted out. The proposed final judgment states that Exhibit 1 is a list of persons who opted out, however, the copy of the proposed final judgment that I received does not have an Exhibit 1 attached. Mr. Hinton has retained Mr. Langone to represent him with respect to the claims that were assigned to this Court, and he opted out of the previous (rejected) settlement. A final judgment cannot be entered that purports to resolve Mr. Hinton's claims, and we write to advise that I am in the process of being retained by Mr. Hinton as local and co-counsel, and will be sponsoring Mr. Langone's petition to be admitted *pro hac vice*. The timing on the proposed order seeks to short-circuit Mr. Hinton's rights. We will be filing formal papers with the court as soon as the retention paperwork is signed and an amended complaint is completed, which we expect will be done by the end of the week.

Hon. Dana M. Sabraw
Re:     IN RE: GROUPON, INC., MARKETING AND SALES PRACTICES LITIGATION,
        CASE NO. 11md2238 DMS (RBB)
        Proposed Orders
October 15, 2012
Page 2 of 2

Under the law, successful objectors have the right to petition for attorneys' fees and/or incentive awards for improving a settlement – if a new motion to approve settlement is made, and approved – we will file a petition in accordance with Ninth Circuit law.  The proposed final judgment contains a blank line for attorney fees, "$[[ ]] is awarded to Class Counsel as reasonable attorneys' fees for both services rendered in the Action and reasonable expenses incurred in the Action."  There is no mention about appropriate and reasonable fees for objectors whose objections were sustained.  Accordingly, we ask that any orders be entered only after due notice.

Sincerely,

*[signature: Grenville Pridham]*

Grenville Pridham, Esq.
grenville@grenvillepridham.com

cc: clients and co-counsel