1
2
3
4
5

Grenville Pridham
Christopher V. Langone, Of Counsel
2522 Chambers Road, Suite 100
Tustin, CA 92780
(714) 486-5144
grenville@grenvillepridham.com
Counsel for Objector Andrea Pridham

6

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

8   In re GROUPON MARKETING AND SALES      )
    PRACTICES LITIGATION                    )      Case No. 3:11-md-02238-DMS-RBB
9                                           )
                                            )
10                                          )      CLASS ACTION
                                            )
11                                          )      MEMORANDUM OF POINTS
                                            )      AND AUTHORITES IN SUPPORT
12                                          )      OF OBJECTOR PRIDHAM'S
                                            )      MOTION FOR ATTORNEYS'
13  _____    )      FEES AND COSTS

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION AND SUMMARY.....................................................................................1

ARGUMENT.........................................................................................................................2

    1.  Objectors Who Improve a Settlement Common Fund on Behalf of
        Others are Entitled to Reasonable Attorneys' Fees and Costs.......................................2

    2.  Objector Pridham is Entitled to An Incentive Award, and An
        Award of Reasonable Attorneys' Fees and Costs, Because She
        Directly Increased the *Pro Rata* Settlement Distribution Fund
        by At Least $75,000.00...................................................................................................5

i

1

## TABLE OF AUTHORITIES

2

3

<u>Cases</u>

4

*Alyeska Pipeline Serv. Corp. v. Wilderness Society,*
     421 U.S. 249 (1975)..........................................................................................................2

*In re Anchor Securities Litigation,*
     1991 WL 53651 (E.D.N.Y.)........................................................................................6

*In re AOL Time Warner ERISA Litig.,*
     2007 WL 4225486 (S.D.N.Y. Nov. 28, 2007)............................................................4

*Bowling v. Pfizer, Inc.,*
     922 F.Supp. 1261 (S.D. Ohio), aff'd, 102 F.3d 777 (6th Cir. 1996)...................................6

*City of Detroit v. Grinnell Corp.,*
     560 F.2d 1093, 1098 (2d Cir. 1977)................................................................................6

*County of Suffolk v. Long Island Lighting Co.,*
     907 F.2d 1295, (2d Cir. 1990)........................................................................................5

*In re Domestic Air Transp. Antitrust Litigation,*
     148 F.R.D. 297 (N.D. Ga. 1993)...............................................................................3, 6

*Fisher v. Procter & Gamble Manufacturing Company,*
     613 F.2d 527 (5th Cir. 1980)..........................................................................................5

*Frankenstein v. McCrory Corporation,*
     425 F.Supp. 762 (S.D.N.Y. 1977).................................................................................5

*Gottlieb v. Barry,*
     43 F.3d 474 (10th Cir. 1994).........................................................................................3

*Great Neck Capital Appreciation Inv. Partn., L.P. v. PricewaterhouseCoopers, L.L.P.,*
     212 F.R.D. 400 (E.D. Wis. 2002)..................................................................................4

*Hall v. Cole,*
     412 U.S. 1 (1973)...........................................................................................................2

*Howes v. Atkins,*
     668 F.Supp. 1021 (E.D. Ky.-Covington Division 1987).................................................5

*In re Horizon/CMS Healthcare Corp. Securities Litigation,*
     3 F. Supp. 2d 1208 (D. N.M. 1998)..............................................................................3

ii

1

## INTRODUCTION AND SUMMARY

Objector Pridham brings this motion for attorneys' fees and costs under the equitable common fund doctrine for preserving and improving the common fund in the amount of $75,000.00 which, but for Pridham's efforts, would have been diverted via improper *cy pres* distribution to organizations that do not benefit the class. This Court overruled the vast majority of the objections to the first settlement in this litigation. It sided with objectors on a single issue in rejecting the settlement: the contention that the proposed $75,000.00 *cy pres* distribution was improper and could not be approved. [ORDER DENYING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, Docket Nos. 48, 72 at 14-16]. The terms of the proposed upcoming second settlement filed in October and not yet noticed for preliminary or final approval are materially identical to those of the first settlement, but for the removal of the offending *cy pres* provision. No other objector addressed the *cy pres* issue in the level of depth that Pridham did; indeed, most other objections to the provision were nothing more than boilerplate. [Docket Nos. 48, 72 at 6-7]. Yet, Pridham briefed on the issue extensively, citing expansive authority indicating that the provision was illegal. Even if this Court feels it might have stricken the *cy pres* provision regardless of Pridham's objection, her memorandum provided in depth supporting analysis, and language which the Court utilized it its order. [Docket Nos. 48, 72 at 14-15]. There is much precedential support for the awarding of attorneys' fees to objectors in return for such service. Objector Pridham's indispensible contributions to the removal of the improper *cy pres* provisions from the upcoming settlement entitle her to her costs, an incentive award of $500.00, the same as that of the class representatives who approved of the illegal *cy pres* provision, and an award of 25% of the amount which she increased the *pro rata* common fund ($75,000.00), which equals $18,750.00.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS.
3:11-md-02238-DMS-RBB

1

**ARGUMENT**

I.   **Objectors Who Improve a Settlement Common Fund on Behalf of Others are Entitled to Reasonable Attorneys' Fees and Costs.**

Litigants who preserve or create a common fund for the benefit of others as well as themselves are entitled to attorneys' fees under the common-fund doctrine. *Alyeska Pipeline Serv. Corp. v. Wilderness Society*, 421 U.S. 2409, 257 (1975); As a matter of equity, a party "preserving or recovering a fund for the benefit of others in addition to himself" is entitled "to recover costs, including a reasonable attorneys fee, from the fund itself or directly from the parties enjoying the benefit"); Alba Conte, Attorney Fee Awards § 2.2 et. seq. (1986). The common-fund doctrine rests on the principle that a group ought not to be unjustly enriched via benefits gained from the activities of a litigant representing interests beyond her own, and that the expense of obtaining those benefits should be shared equally among the benefactors.  *Hall v. Cole*, 412 U.S. 1, 6 (1973).  This principle has been applied in awarding attorney fees to out of a myriad of different types of common funds, when litigants have preserved or improved upon the fund, *See Internal Imp. Fund Trustees v. Greenough,* 105 U.S. 527, 533 (1881). There, a bondholder of the Florida Railroad Company commenced suit to set aside fraudulent conveyances, and to prevent any further waste or destruction of assets. The bondholder's efforts were successful, resulting in "a large amount of the trust fund [being] secured and saved." *Id. 529*. Near the end of the case, he submitted an account of his expenditures, including, inter alia, attorneys' fees, and a statement of the personal services he rendered over a period of more than eleven years. Eventually, a final order was entered allowing $ 60,131.96 for personal expenses and services. *Id. at 531*

Courts have recognized that objectors, like shareholders, "are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS.
3:11-md-02238-DMS-RBB

2

settlement was improved as a result of their efforts." *White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974). Thus, "objectors who successfully challenge plaintiffs' attorneys' fees [in a class action] are entitled to an award of their attorney fees because their arguments have conferred a benefit on the class." *In re Horizon/CMS Healthcare Corp. Securities Litigation,* 3 F. Supp. 2d 1208, 1214 (D. N.M. 1998) (citing *Gottlieb v. Barry,* 43 F.3d 474, 491 (10th Cir. 1994), and; *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849, 854 (10th Cir. 1993)); *see also Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002); *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 288 (7th Cir. 2002); *Shaw v. Toshiba Am. Info. Sys. Inc.,* 91 F. Supp. 2d 942, 973-74 (E.D. Tex. 2000); *In re Domestic Air Transp. Antitrust Litigation,* 148 F.R.D. 297, 359 (N.D. Ga. 1993).

Although an objector to a class-action settlement is not automatically entitled to a fee award, "objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts." *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 273 F. Supp. 2d 563, 565 (D.N.J. 2003) (objectors awarded attorney fee of $1,260,000.00, which was 1.4% of the total attorney fee, because objections were responsible for 1.4% of the value of the fund). *Cf., Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002) (objector's attorney fees not awarded because district court, in its discretion, did not reduce class counsel's fee and only inconsequential benefits to class resulted from objections).

Indeed, in *Rodriguez v. Disner,* the Ninth Circuit held that objectors who had influenced the district court's examination of certain elements and eventually prevailed in an appeal, resulting in an increase to the settlement-distribution fund, were entitled to an award of reasonable attorneys' fees. 688 F.3d 645, 659 (9th Cir.2012). In that case, class counsel's fee was cut after objectors exposed improprieties in class representatives' retainer agreements, and the balance was instead distributed to the class, just as the former *cy pres* allotment will now be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS.
3:11-md-02238-DMS-RBB

3

distributed directly to class members in this case. *Id.* District courts throughout the country have applied the *Vizcaino* standard that an objector should be paid attorneys' fees if, through their efforts, they "increase the fund or otherwise substantially benefit the class members." 290 F.3d 1043 at 1051. *See Great Neck Capital Appreciation Inv. Partn., L.P. v. PricewaterhouseCoopers, L.L.P.,* 212 F.R.D. 400, 417 (E.D. Wis. 2002) (objectors awarded $152,250.00 for preserving ERISA claims from release). *Shaw v. Toshiba Am. Info. Sys., Inc.,* 91 F. Supp. 2d 942, 983 (E.D. Tex. 2000) (attorney fees awarded to objector who secured six additional months for the redemption of coupons, which was found to be a substantial benefit).

   "The law generally does not allow good Samaritans to claim a legally enforceable reward for their deeds." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, C.J.). "But when professionals render valuable albeit not bargained-for services in circumstances in which high transaction costs prevent negotiation and voluntary agreement, the law does allow them to claim a reasonable professional fee from the recipient of their services." *Id.* "That is the situation of objectors to a class action settlement." *Id.* See also, Edward H. Cooper, The (Cloudy) Future of Class Actions, 40 Ariz.L.Rev. 923, 950 (1998). Raising awareness of a settlement's unforeseen consequence is particularly important. *Great Neck Capital Appreciation Inv. Partn., L.P. v. PricewaterhouseCoopers, L.L.P*, 212 F.R.D. 400, 412-13 (E.D. Wis. 2002). In fact, fees may be payable even if the Court had already identified the deficiency but failed to act on it. See, *Park v. The Thomson Corporation*, 2009 LEXIS 37617 (April 2, 2009); *In re AOL Time Warner ERISA Litig.*, 2007 WL 4225486 (S.D.N.Y. Nov. 28, 2007); *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 287 (7th Cir. 2002) ("[O]bjectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge").

   The case law consistently justifies compensating objectors for playing "devil's advocate" and representing the interests of absent class members against those of Class Counsel and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS.
3:11-md-02238-DMS-RBB

4

Defendant. *See Howes v. Atkins,* 668 F.Supp. 1021, 1027 (E.D. Ky.-Covington Division 1987), *citing Fisher v. Procter & Gamble Manufacturing Company,* 613 F.2d 527, 547 (5th Cir. 1980) (which held that "the district court was justified in granting attorney's fees to the 'objectors.' The objectors were plaintiff class members who performed a valuable service for the class of which they were a part. In opposing the consent decree in a case in which the plaintiffs ultimately prevailed at trial, the objectors benefited their class and helped to vindicate the important public rights."); The *Howes* court held that Objectors who vigorously opposed a settlement were entitled to fees despite the settlement's approval because the zeal with which they unsuccessfully pursued their positions ultimately led the court to feel more comfortable with the adequacy of the representation received by the class. 668 F.Supp. 1021, 1027. *See also, Frankenstein v. McCrory Corporation,* 425 F.Supp. 762, 767 (S.D.N.Y. 1977); *White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974); *Whittemore v. Sun Oil Co.,* 58 F.R.D. 624, 627 (S.D.N.Y. 1977). Because their presence heightens the court's scrutiny, objectors have been awarded fees even when the settlement terms are not altered. See, *County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295, 1325-27 (2d Cir. 1990); *Howes,* at 668 F.Supp. 1026 (court awarded objector's counsel 10% of total settlement amount "even though the settlement was not improved"). In this case, the settlement *was* improved. At least $75,000.00 has been diverted from an improper *cy pres* distribution which would not have benefited absent class members, and will now be distributed directly to the class. This improvement is a direct result of Pridham's well-supported objection.

II. **Objector Pridham is Entitled to An Incentive Award, and An Award of Reasonable Attorneys' Fees and Costs, Because She Directly Increased the *Pro Rata* Settlement Distribution Fund by At Least $75,000.00.**

In this case, the Court was prepared to move ahead with settlement approval, as the majority of the settlement terms were acceptable. Objector Pridham was the only objector to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS.
3:11-md-02238-DMS-RBB

5

address the improper *cy pres* provision in any detail, with significant precedential support. Objector Pridham was one of the only Objectors to bring to the Court's attention defense counsel's relationship with the *cy pres cy* recipients, and presented more case law demonstrating that such a relationship is improper than any other objector. Furthermore, Objector Pridham was the only objector to present the argument that these specific *cy pres* recipients did not adequately serve the interests of non-claiming class members, as required by precedent. [Docket Nos. 48, 72 at 6-7].

Without Objector's direction of the Court's attention to the improper *cy pres* provision, it might have gone unnoticed, and a political ally of Defendant's counsel completely unrelated to this litigation would have been awarded at least $75,000.00 of the class's money. Instead, the Court ruled as Pridham argued, that the *cy pres* provisions in the previous settlement were improper under fluid recovery doctrine because the recipients did not adequately serve the interests of the class [Docket Nos. 48, 72 at 16]. As a direct result of this ruling, Class counsel and Defendants were forced to craft a new settlement which did not containing the offending *cy pres* provisions. Instead, in the most recent provisional settlement submitted to the court, all of the money which had been ear-marked for *cy pres* will be distributed *pro rata* to the class. This is a direct monetary improvement to the settlement. Money which would not have benefitted the class will now be directly distributed to it. Accordingly, Objector Pridham is entitled to recover her reasonable attorneys' fees against the amount by which she has improved the settlement.

It has long been recognized that any objector counsel who enhances the settlement should be fairly compensated. *See, e.g., Bowling v. Pfizer, Inc.,* 922 F.Supp. 1261, 1285 (S.D. Ohio), aff'd, 102 F.3d 777 (6th Cir. 1996); *In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 257, 359-60 (N.D.Ga. 1993); *In re Anchor Securities Litigation,* 1991 WL 53651 (E.D.N.Y.) *(citing City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1098 (2d Cir. 1977). The Ninth Circuit permits

an award of attorneys' fees to objectors who create, increase, protect or preserve the fund. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051-52 (9th Cir. 2002). This theory is driven more by the nature of common funds than the particular character of an objection. *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, (1939) (a district court has power in equity to make an award of fees to attorneys who had established the claims of others in certain bonds); *Trustees v. Greenough,* 105 U.S. 527, 527 & 532 (1881). In this case, Pridham has directly increased the class fund in the amount of at least $75,000.00 which would have otherwise been lost to an improper *cy pres* recipient.

By this motion, Objector Pridham seeks to recover her taxable costs, and attorneys' fees in direct proportion to her enhancement of members' recovery; that is, 25% of $75,000.00, for a total of $18,750.00. This amount more than reasonable considering that Pridham's counsel has accumulated a lodestar amount of approximately $30,000.00 at market hourly rates. Pridham will submit detailed documentation in support of this lodestar amount at the Court's request. Additionally, Objector Pridham seeks an incentive award of $500.00, the same amount as the class representatives, due to the substantial personal risks taken on for the sake of the class, the scrutiny to which she was subjected at the hands of class counsel, and the extent to which she defended the interests of the class as compared to the class representatives, who approved of the improper *cy pres* provision.

By,

/s/_____

Grenville Pridham

Attorney for Objector Andrea Pridham

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS.
3:11-md-02238-DMS-RBB

7