ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
RACHEL L. JENSEN (211456)
THOMAS R. MERRICK (177987)
PHONG L. TRAN (204961)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
rachelj@rgrdlaw.com
tmerrick@rgrdlaw.com
ptran@rgrdlaw.com

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | No. 3:11-md-02238-DMS-RBB |
|---|---|
| | PLAINTIFFS' OPPOSITION TO OBJECTOR PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| | Judge: The Honorable Dana Sabraw<br>Date:   December 14, 2012<br>Time:   1:30 p.m. |

791673_1

## I. INTRODUCTION

Objector Andrea Pridham's ("Pridham") motion for attorneys' fees and costs ("Motion") (Dkt. No. 103) should be summarily denied. As a threshold matter, Pridham's Motion is prematurely brought, as this Court has not granted final approval of the settlement.[1] *See* Fed. R. Civ. P. 23(h), 54(d)(2) (motion for fees must be brought on a timely basis). The Court has yet to determine whether the Amended Stipulation of Class Action Settlement ("Amended Settlement Agreement") (Dkt. No. 98-1) submitted on October 5, 2012, is fair, reasonable and adequate. It makes little sense for the Court to consider whether the objector's purported efforts to improve the settlement entitles her to an award of fees when the Court has not ruled whether the settlement should be approved.

In addition, Pridham's objection to the *cy pres* provisions of the original Stipulation of Class Action Settlement ("Stipulation of Settlement") (Dkt. No. 40-3) did not result in the improvement of the settlement. Motion at 2. There is nothing to suggest that Pridham's objection was so unique or compelling that it "substantially benefitted" Class members. *Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002). Pridham never advocated for the elimination of the *cy pres* provisions. In fact, Pridham, sought to have another organization, the National Association of Consumer Advocates, replace the proposed *cy pres* recipients. Objection to Class Action Settlement and Notice of Intent to Appear at Fairness Hearing ("Pridham Objection") (Dkt. No. 69) at 4-5. This proposal was not adopted by the Court or the parties. Pridham was also not the only objector to challenge the *cy pres* provisions of the original Stipulation of Settlement. As noted by the Court, multiple objections were made on that basis. Court's September 28, 2012 Order Denying Joint Motion for Final Approval of Class Action Settlement ("Order") (Dkt. No. 97) at 6-7; *see also Rodriquez*, 688 F.3d at 658-59 (objection that is

---

[1] Class Counsel contacted Pridham's counsel by email to discuss the timeliness of Pridham's Motion. In the email, Class Counsel advised Pridham's counsel that Pridham's Motion was untimely and asked that Pridham withdraw the Motion until the appropriate time. Class Counsel received no response from Pridham's counsel. Declaration of Thomas R. Merrick in Support of Plaintiffs' Opposition to Objector Pridham's Motion for Attorneys' Fees and Costs ("Merrick Decl."), ¶3, filed concurrently herewith.

duplicative or similar to other objections may not be the basis for attorney's fees). And, notably, when the Court raised concerns about the *cy pre*s provisions in its September 28, 2012 Order, it made no specific reference to the arguments raised by Pridham. Further, counsel for Plaintiffs and Defendants offered at oral argument to modify the original Stipulation of Settlement to address the Court's concerns. September 7, 2012 Final Approval Hearing Transcript at 48, 67, attached as Exhibit A to the Merrick Decl.

Pridham does not deserve credit for the Court's denial of final approval and the parties' subsequent filing of the Amended Settlement Agreement. Clearly, the Amended Settlement Agreement, which eliminates *cy pres* relief altogether, was the product of Class Counsel's and defense counsel's careful deliberation and the Court's concerns regarding the *cy pres* provision.

For these and the other reasons set forth below, Pridham's Motion should be denied.

## II. RELEVANT FACTS

The original Stipulation of Settlement, submitted to the Court on March 29, 2012, established a settlement fund of $8.5 million that would be used to pay Class member claims and establish a *cy pres* fund, as well as to pay claim administration expenses, incentive awards and attorneys' fees and expenses. Order at 3. The settlement established a two-tier claims process; the first tier providing relief for those Class members who purchased a Groupon voucher before December 1, 2011, which subsequently was never redeemed or refunded. *Id.* If, after payment of the first-tier claims, administrative fees, attorneys' fees and expenses and incentive awards, there remained more than $75,000 in the settlement fund, a second tier claims process would be established for Class members who purchased vouchers after December 1, 2011, and submitted a claim for refund. *Id.* at 3-4. These claims would be paid until the settlement fund reached $75,000, at which time 50% of the funds would be donated to the Electronic Frontier Foundation ("EFF") and the remaining 50% would be donated to the Center for Democracy and Technology ("CDT"). *Id.* at 4.

On September 7, 2012, the parties appeared before the Court at the fairness hearing. *Id.* at 1. A number of objectors appeared at the hearing including Grenville Pridham, on behalf of objector Pridham. *Id.* at 1, 4-7. On September 28, 2012, after considering the briefs and objections and hearing argument, the Court issued an order denying final approval of the settlement. The Court's

sole basis for denying final approval was its concern over the *cy pres* provisions in the Stipulation of Settlement – specifically, that $75,000 would be paid to the *cy pres* recipients before the depletion of the second settlement fund used to pay second tier claimants and the insufficient nexus between the *cy pres* recipients and the Class. *Id.* at 14-16.

The parties met and conferred to address the Court's concerns over the *cy pres* relief, and shortly thereafter, submitted a revised stipulation of settlement. *See* Amended Settlement Agreement. The revised stipulation of settlement directly addresses the Court's concerns by striking the *cy pres* provisions in their entirety. *Id.* The settlement remains the same in all other respects, and the total settlement fund amount was unchanged at $8.5 million. *Id.* The Court has not yet issued a new order concerning final approval. Although the Court has yet to issue a ruling, Pridham filed her Motion on November 14, 2012.

### III.   ARGUMENT

#### A.   Pridham's Motion for Fees Is Premature

Pridham's Motion is premature because the Court has not yet ruled on the reasonableness of the Amended Settlement Agreement. At this time, the settlement has not been approved, and no settlement relief is available to Class members. Pridham therefore cannot argue that she conferred any benefit on the Class through her objection and seek compensation for such purported benefit – when the Court has not ruled on whether Class members are entitled to settlement relief in the first place. *See Rodriguez*, 688 F.3d at 658 (objectors are not entitled to fees when "they have rendered no benefit to the class").

Even if the Court is inclined to consider Pridham's Motion at this time, she has failed to demonstrate her entitlement to any attorneys' fees.[2]

---

[2] While Pridham's Motion also purports to seek costs, she submits no support for the Court to base an award on. She also provides no information regarding her fees and costs incurred for the Court's consideration

### B. Pridham's Objection Did Not Increase the Settlement Fund

Attorneys for objectors may seek attorneys' fees only in limited circumstances. *Id.* Objectors may seek fees only if the objection results in an increase to the common fund. *Id.* (citing *Vizcaino*, 290 F.3d at 1051-52). On the other hand, "objectors who do 'not increase the fund or otherwise substantially benefit the class members' are not entitled to fees, even if they bring 'about minor procedural changes in the settlement agreement.'" *Id.* (quoting *Vizcaino*, 290 F.3d at 1051). Moreover, courts may deny fees to objectors "whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class." *Id.* at 659.

Pridham fails to demonstrate that her objection substantially benefited Class members. In her July 27, 2012 objection, Pridham argued that the two proposed *cy pres* recipients, the EFF and CDT, were inappropriately chosen as a result of collusion between Class Counsel and defense counsel. Pridham Objection at 2-3. Indeed, without any legitimate factual basis, Pridham asserted that the EFF and CDT are improperly linked to DLA Piper US LLP, Groupon's counsel, and that DLA Piper was "attempting to secure a massive payout for a third-party client of theirs" by directing *cy pres* payments to those organizations. *Id.* at 3.

Importantly, Pridham only objected to the proposed *cy pres* recipients, but did not object to the **form** or **amount** of the proposed *cy pres* relief. In fact, Pridham proposed that another potential *cy pres* recipient, the National Association of Consumer Advocates, take the place of the EFF and CDT. *Id.* at 4. Pridham, therefore, did not object to the *cy pres* payment itself; rather, she merely took issue with the proposed recipients.

Accordingly, Pridham cannot reasonably take any credit for the Court's rejection of the initial Stipulation of Settlement. The Court, in its September 28, 2012 Order, made no specific reference to Pridham's arguments. Notably, the Court acknowledged that there were multiple objections concerning the *cy pres* provisions in the Stipulation of Settlement – Pridham's Objection therefore was not distinct or compelling in that regard. Order at 6-7; *Rodriguez*, 688 F.3d at 658 (duplicative objections may not be the basis for attorneys' fees). Moreover, the Court did not consider Pridham's proposal and did not order the parties to direct the *cy pres* payment to the National Association of Consumer Advocates – the actual relief Pridham sought. The Court's

primary concern was that the settlement directed the payment of $75,000 to *cy pres* recipients before the depletion of the second settlement fund – a concern that was never raised by Pridham. The Court appears to have conducted its own analysis of the *cy pres* provisions of the settlement and reached its own conclusion in denying final approval.[3]

Further, even if the Court were to somehow credit Pridham for eliminating the *cy pres* provision, it does not "substantially benefit" the Class. The deletion of $75,000 from the settlement fund represents less than 0.9% of the total amount Groupon has agreed to pay to settle the case. The purported benefit is *de minimus* at best.

Pridham also cannot take credit for the subsequent filing of the Amended Settlement Agreement, which altogether eliminates the *cy pres* provisions. The parties themselves decided to take out the *cy pres* provision after careful deliberation and extensive discussion of the Court's concerns. The Amended Settlement Agreement was certainly not the result of Pridham's efforts because again, if she had it her way, she simply would have replaced the EFF and CDT with the organization of her choice, the National Association of Consumer Advocates – not eliminate the *cy pres* relief altogether.

Pridham's reliance on *Rodriguez*, 688 F.3d 645, in support for her claim for fees is misplaced. The Ninth Circuit in *Rodriguez* actually upheld the district court's denial of the request by multiple objectors for fees because the "objectors do not add any new legal argument or expertise, and do not participate constructively in the litigation or confer a benefit on the class," and therefore, "they are not entitled to an award premised on equitable principles." *Id.* at 659. As in *Rodriguez*, here Pridham did not confer a benefit to the Class and is therefore not entitled to fees.

The Ninth Circuit in *Rodriguez* did, however, agree to award fees to a single objector because that objector was the "first" to bring attention to certain improper incentive agreements arranged by plaintiffs' counsel that would have resulted in the payment of $325,000 in incentive awards to the class representatives. *Id.* at 659-60. The Court noted that the objector was "instrumental" in

---

[3] In fact, at the hearing, the parties agreed to revise the *cy pres* provision of the settlement agreement to address the Court's concerns. Merrick Decl., Ex. A at 48, 67.

bringing to the light this impropriety, resulting in the lower court's rejection of the incentive awards and the return of the $325,000 to the class. *Id.* at 659. Pridham, in stark contrast, was not instrumental in improving the settlement and increasing the settlement fund because: (i) she did not advocate for the elimination of the *cy pres* relief; (ii) she did not add any new legal argument or particular expertise; (iii) her objection was not unique or particularly compelling; and (iv) this Court appears to have conducted its own analysis of the *cy pres* issue.

Pridham therefore is not entitled to an award of attorneys' fees because she fails to demonstrate that it was her efforts that led to an increase in the settlement fund or otherwise substantially benefitted the Class.

## IV.  CONCLUSION

For all of the foregoing reasons, Pridham's Motion should be denied.

DATED:  November 30, 2012                Respectfully submitted,

                                                  ROBBINS GELLER RUDMAN
                                                    &DOWD LLP
                                                JOHN J. STOIA, JR.
                                                RACHEL L. JENSEN
                                                THOMAS R. MERRICK
                                                PHONG L. TRAN

                                                        s/ John J. Stoia, Jr.
                                                JOHN J. STOIA, JR.

                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 30, 2012.

    s/ John J. Stoia, Jr.
JOHN J. STOIA, JR.

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:johns@rgrdlaw.com

# Mailing Information for a Case 3:11-md-02238-DMS-RBB

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Donald Chidi Amamgbo , Esq**
  donald@amamgbolaw.com

- **Jarod M Bona**
  jarod.bona@dlapiper.com

- **Mark Anthony Bulgarelli**
  markb@progressivelaw.com,kpe@progressivelaw.com,mbulgare@hotmail.com

- **Jonathan Stephen Burns**
  jburns@wklawyers.com

- **Jay S Carlson**
  JayCarlson.legal@gmail.com

- **Christopher Robert Carney**
  christopher.carney@cgi-law.com

- **Todd D. Carpenter**
  tcarpenter@bffb.com,psyverson@bffb.com,tdinardo@bffb.com,rcreech@bffb.com,lgomez-gray@bffb.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Maureen Connors**
  sampc01@gmail.com

- **Dana E. Deering**
  ddeering@pdfslaw.com

- **Christopher M. Ellis**
  cellis@brelaw.com

- **Theodore Frank**
  tfrank@gmail.com

- **Theodore Harold Frank**
  tfrank@gmail.com

- **David A. Futscher**
  dfutscher@pdfslaw.com

- **Brett Landgon Gibbs**
  blgibbs@wefightpiracy.com,docket@wefightpiracy.com

- **Sean P Gillespie**
  sean.gillespie@cgi-law.com

- **Clayton D Halunen**
  halunen@halunenlaw.com

- **Paul Hansmeier**
  prhansmeier@thefirm.mn

- **Robert Brent Irby**
  birby@mhcilaw.com

- **Samuel Bayard Isaacson**
  samuel.isaacson@dlapiper.com

- **Kenan Lee Isitt**
  kenan.isitt@cgi-law.com

- **Matthew J. Iverson**
  matthew.iverson@dlapiper.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com

- **Michael Alan Johnson**
  mjohnsonlawyer@aol.com

- **Noah A Katsell**
  noah.katsell@dlapiper.com,sarah.walter@dlapiper.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

- **Charles J. LaDuca**
  charlesl@cuneolaw.com

- **Anthony Darrell Lehman**
  anthony.lehman@dlapiper.com

- **Ronald M. Lepinskas**
  ronald.lepinskas@dlapiper.com

- **David C Lundsgaard**
  dlundsgaard@grahamdunn.com

- **Fredrick Howard Lebron McClure**
  fredrick.mcclure@dlapiper.com

- **Bradley T. Meissner**
  bmeissner@fenwick.com,doconnor@fenwick.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Matthew Evan Miller**
  mmiller@cuneolaw.com

- **Sara Z. Moghadam**
  sara.moghadam@dlapiper.com

- **Jason Moore**
  jason@vaneyk-moore.com

- **Derek A Newman**
  derek@newmanlaw.com,docketing@newmanlaw.com,sarah@newmanlaw.com,linke@newmanlaw.com

- **Joseph Darrell Palmer**
  darrell.palmer@palmerlegalteam.com,maria.carapia@palmerlegalteam.com

- **Andrea Pridham**
  grenville@grenvillepridham.com

- **Grenville Thomas Pridham**
  grenville@grenvillepridham.com,grenville01@gmail.com

- **Julio Joaquin Ramos**
  ramosfortrustee@yahoo.com

- **Joseph Anton Roselius**
  joseph.roselius@dlapiper.com

- **Elaine A. Ryan**
  eryan@bffb.com,rcreech@bffb.com,nserden@bffb.com

- **Charles E. Schaffer**
  Cschaffer@lfsblaw.com

- **Myles A Schneider**
  myles@maschneider.com

- **John J. Stoia , Jr**
  JohnS@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Brian Russell Strange**
  lacounsel@earthlink.net,abacon@strangeandcarpenter.com,gcarpenter@strangeandcarpenter.com,jhood@strangeandcarpenter.com

- **Stephen A. Swedlow**
  swedlow@swedlowlaw.com

- **Patricia N Syverson**
  psyverson@bffb.com,tdinardo@bffb.com,scole@bffb.com,rcreech@bffb.com

- **James Michael Terrell**
  jterrell@mmlaw.net

- **Reginald Terrell**
  reggiet2@aol.com

- **Brendan S. Thompson**
  brendant@cuneolaw.com

- **Edward Colin Thompson**
  colin.thompson@dlapiper.com

- **Phong L. Tran**
  ptran@rgrdlaw.com

- **Phong Le Tran**
  Ptran@rgrdlaw.com,junei@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Shaun Van Eyk**
  shaun@vaneyk-moore.com,vaneyk.law@gmail.com

- **Michael D. Vhay**
  michael.vhay@dlapiper.com

- **Shawn J. Wanta**
  sjwanta@baillonthome.com,mjhensold@baillonthome.com,akgunaseelan@baillonthome.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Marc Aaron Wites**
  mwites@wklawyers.com

- **Christopher Munro Young**
  chris.young@dlapiper.com,sarah.walter@dlapiper.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Peter                M. Ellis**
DLA Piper LLP (US)
203 North LaSalle Street
Suite 1900
Chicago, IL 60601

**Andrew-NA            S Friedman**
Not Admitted
,

**Kenneth Hinton**
2200 Wilson Blvd., Suite 102-004
Arlington, VA 22201

**E. G. Johnson**
2929 Schoolhouse Circle
Silver Spring, MD 20902

**Michael              A. Johnson**
Michael A. Johnson & Associates
415 North LaSalle Street
Suite 502
Chicago, IL 60610

**Charles-NA           J. LaDuca**
Not Admitted
,

**Michael              A. McShane**
Audet & Partners, LLP
221 Main Street
Suite 1460
San Francisco, CA 94105