Grenville Pridham
Christopher V. Langone, Of Counsel
2522 Chambers Road, Suite 100
Tustin, CA   92780
(714) 486-5144
grenville@grenvillepridham.com
Counsel for Objector ANDREA PRIDHAM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | Case No. 3:11-md-02238-DMS-RBB<br>Pleading Type: Class Action<br><br>OBJECTOR PRIDHAM'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Judge: The Hon. Dana Sabraw<br>Hearing: December 14, 2012<br>Time: 1:30 P.M.<br>Location: Courtroom 10 |

Plaintiffs' Counsel has filed an opposition to Objector Pridham's request for $18,500 for services rendered to benefit the class in the case of *In Re Groupon Marketing and Sales Practice Litigation*. Plaintiffs' Counsel claims that the request should be denied because (1) it is "premature" and (2) Pridham's objection did not increase the settlement fund. Objector Pridham respectfully requests that this Court overrule Plaintiffs' Counsel's opposition to Objector Pridham's modest fee request and enter an award in favor Objector Pridham $18,500 if and when the new class action settlement proposal is approved. Objector Pridham requests that the motion be entered and continued for hearing until the date of the final approval hearing on the pending class action settlement approval.

**A.  TIMING ISSUES**

Plaintiffs' Counsel claims that the fee request should be denied because it is premature. Plaintiffs' Counsel cites to no case law or rule that prohibits a Court from making an award determination on the grounds of prematureness.

Objector Pridham's request for fees is ripe.   All parties have been given notice of the request.   Only Plaintiffs' Counsel objected to the request.   Rule 23(h) does not require objectors to give notice to the class for fee requests.  Rule 23 does not provide class members with the right to object to requests for fees from Objectors unless that request is part of the settlement proposal.   Perhaps it would have been wise for the parties to include objectors in negotiations with respect to the new class action settlement proposal but the parties did not take such action.

As Judge Richard Posner has explained,

"The law generally does not allow good Samaritans to claim a legally enforceable reward for their deeds. But when professionals render valuable albeit not bargained-for services in circumstances in which high transaction costs prevent negotiation and voluntary agreement, the law does allow them to claim a reasonable professional fee from the recipient of their services. That is the situation of objectors to a class action settlement."

*Reynolds v. Benefit Nat'l Bank*, 288 F.3d 277, 288 (2002)(citations omitted). A professional acting as a Good Samaritan earns the fee when the valuable services are performed.  Under this reasoning there is nothing "premature" about the request for an award of fees.

Objector Pridham has already benefitted the class.  As this Court commented at the final approval hearing,  "The Objections were very well stated.  I enjoyed reading the briefs, they were spirited and entertaining and the Objections are, I am certain, brought in good faith on behalf of the objectors."  Transcript at p. 68 ll. 1-3.

One of the first things students learn in law school is that our system is based on an adversarial process, not an inquisitorial one.  This means, in order to maintain the very

integrity of the system, the law and facts must be tested through adversarial contention.

Courts have held that Objectors that inject the adversarial process in good faith into the class

action settlement procedure should be rewarded.   See *In re Prudential Ins. Co. of Am. Sales*

*Practice Litig. Agent Actions*, 278 F.3d 175, 202 (3d Cir. 2002)(Rosen, J., concurring and

dissenting); *Great Neck Capital Appreciation Inv. P'Ship, L.P. v. Pricewaterhousecoopers* (in

Re Harnischfeger Indus., Inc.), 212 F.R.D. 400, 412-417 (E.D. Wis. 2002)("the objector

contributed materially to the proceeding by sharpening the debate, enhancing the adversarial

process and aiding the court…From conflicting points of view come clearer thinking"); *Howes*

*v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987)("objector's counsel ably performed the role

of devil's advocate in this litigation and is deserving of a fee award for this service, even

though the settlement was not improved"); *Frankenstein v. McCrory*, 425 F. Supp. 762, 767

(S.D.N.Y. 1977)("the objections raised, although ultimately overruled, were not frivolous, and

the presence of the objector represented by competent counsel transformed the settlement

into a truly adversarial proceeding").

In *Frankenstein v. McCrory*, 425 F. Supp. 762, 767 (S.D.N.Y. 1977), the court held:

> The objections raised, although ultimately overruled, were not frivolous, and the presence of the objector represented by competent counsel transformed the settlement into a truly adversarial proceeding.  The objections to the settlement caused the court to spend even more hours in analyzing and assessing the complex settlement agreement, and cast in sharp focus the question of the fairness and adequacy of the settlement to all members of the class. Id. at 767.

And in *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D.  297, 359 (N.D. Ga. 1993) the court echoed this sentiment:

> The efforts on behalf of objectors . . . assisted the Court in thoroughly examining the settlement. These objectors significantly refined the issues germane to a consideration of the fairness of this complex settlement and their participation transformed the settlement hearing into a truly adversarial proceeding. In addition, the objectors participated significantly in the process and performed a valuable service for the class, even though their objections did not prevail. The Court concludes that compensation for the few participants who continually advanced the interests of the class and assisted the Court in its consideration is appropriate. Id. at 359.

*In re GROUPON MARKETING AND SALES PRACTICES LITIGATION,*
Case No. 3:11-md-02238-DMS-RBB
Objector Pridham's Reply Brief in Support of Motion for Attorneys' Fees and Costs

1         This scrutiny must come from objectors because the adversarial relationship between

2   plaintiff and defendant evaporates upon preliminary approval of a class action settlement.   As

3   the Court in *Great Neck Capital* explained,

4   "It is impossible for a class to select, retain or monitor its lawyers as an individual client

5   would…. Class counsel and defendants' counsel may reach a point where they are

6   cooperating in an effort to consummate the settlement.  Courts, too, are often inclined toward

7   favoring the settlement, and the general atmosphere may become largely cooperative." *Id.* at

8   ***, citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 282 (3d Cir. 2001), cert. denied, 535 U.S.

9   929, 152 L. Ed. 2d 212, 122 S. Ct. 1300 (2002) and *In re Prudential Ins. Co. of Am. Sales*

10  *Practice Litig. Agent Actions*, 278 F.3d 175, 202 (3d Cir. 2002)(Rosen, J., concurring and

11  dissenting).

12        Objectors like Mrs. Pridham provide that necessary scrutiny.  Thus, when they provide

13  benefits, monetary or otherwise, it would be unfair and unjust enrichment not to compensate

14  them.  *Reynolds*, 288 F.3d at 288 (is desirable to have as broad a range of participants as

15  possible because of the risk of collusion).  A lawyer for an objector who raises pertinent

16  questions about the terms or effects, intended or unintended, of a proposed settlement

17  renders an important service that is a substantial benefit.

18        Objector Pridham objected to a defective settlement because the settlement sought to

19  award $75,000 to two organizations with no nexus or connection to the class action.

20  Subsequently, the parties negotiated a new settlement that did not award anything to internet

21  privacy and free speech groups Electronic Frontier Foundation (EFF) and the Center for

22  Democracy and Technology (CDT).

23        Objector's counsel performed valuable legal services that resulted in adversarial

24  scrutiny of a multimillion dollar settlement and the practical result of an unlawful settlement

25  being rejected because the parties sought to award $75,000 as part of the settlement to EFF

26  and CDT, two organizations that lacked a nexus to the class in this case.

27        Objector's Counsel timely filed this motion prior to any motion for preliminary approval

28  or request for hearing to approve the new settlement.  As of December 7, 2012, Plaintiffs'

1  Counsel has yet to file a motion for hearing on approval of the class action settlement proposal

2  entered into on October 5, 2012.   Plaintiffs' Counsel has yet to explain to the Court why he

3  has failed to take action to move for preliminary approval of the settlement or request any

4  hearing to approve the settlement.

5      Plaintiffs' Counsel's objection that Pridham's request for fees as premature is odd.   This

6  is because Plaintiffs' Counsel states that, "The Court has yet to determine whether the

7  Amended Stipulation of Class Action Settlement submitted on October 5, 2012, is fair,

8  reasonable and adequate."   Does Plaintiffs' Counsel expect the Court to reject the new

9  settlement proposal?  It is Plaintiffs' Counsel not Objector Pridham that is responsible for filing

10  for a motion for a hearing to approve the new Class Action Settlement proposal.   But

11  Plaintiffs' Counsel has taken no action.   Plaintiffs' Counsel's inaction should not delay

12  consideration of Objector's Pridham's timely request.

13  **B.   THE ELIMINATION OF THE AWARD TO EFF AND CDT INCREASED THE FUND.**

14      Plaintiffs' Counsel also claims that Pridham's objection did not increase the fund.   The

15  first settlement fund was $8.5 million and included an award of $75,000 to EFF and CDT.   The

16  new class action settlement proposal includes a fund of $8.5 million with no award to EFF and

17  CDT.   Mathematically speaking this means that the fund has been increased by $75,000.

18  Plaintiffs' Counsel's contention that the elimination of the $75,000 award to EFF and CDT did

19  not increase the fund is not based in fact, law or basic arithmetic.

20      Plaintiffs' Counsel makes the claim that, "in its September 28, 2012 Order, [the Court]

21  made no specific reference to Pridham's arguments."   This is inaccurate and false.   The Court

22  did make a specific reference to Pridham's arguments.   The Court stated that, "Andrea

23  Pridham, through her attorneys Grenville Pridham, Mark Lavery and Christopher Langone,

24  objects to the proposed settlement on the ground *the cy pres recipients have no*

25  *connection to this case*." (emphasis added).   Later in the Order the Court stated that,

26  "Counsel argues there need not be "direct alignment" between the cy pres recipient and the

27  class, and that an alignment of interest is sufficient, but the Court disagrees.   Dennis requires

28  that there be a "driving nexus" between the class and the cy pres beneficiaries, which is more

Page 5 of 8

than a simple alignment of interest.  "Nexus" implies that there be an actual connection, not just between the class and cy pres beneficiary, but between the claims alleged in the case and the cy pres beneficiary.  *See Nachshin*, 663 F.3d at 1036 ("Cy pres distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity."). **This case is lacking that connection.**" (emphasis added).

Plaintiffs' Counsel also claims that an increase in the fund of $75,000 is de minimis.  Objector Pridham respectfully disagrees with Plaintiffs' Counsel's opinion that $75,000 is a de minimis amount of money.  $75,000 is not a *de minimis* amount of money to people who buy Groupons -- $75,000 is "real" money to people who buy Groupons.  The average price of a Groupon is around $23.[1]  Thus the elimination of the $75,000 award to EFF and CDT will allow thousands of additional class members to receive compensation for expired Groupons.

Plaintiffs' Counsel also claims that "the parties themselves decided to take out the cy pres provision after careful deliberation and extensive discussion of the Court's concerns."   As stated above, the Court stated that Pridham argued the cy pres recipients had no connection to the case and the Court ruled the settlement was improper because CDT and EFF had no connection to the case.  The September 28, 2012 Order suggests that the Court's concerns were influenced at least in part by Pridham's argument that "the cy pres recipients have no connection to this case."

Plaintiffs' Counsel also claims that "Pridham's reliance on *Rodriguez*, . . . in support for her claim for fees is misplaced."   Plaintiffs' Counsel states that "The Ninth Circuit in *Rodriguez* did, however, agree to award fees to a single objector because that objector was the "first" to bring attention to certain improper incentive agreements arranged by plaintiffs' counsel that would have resulted in the payment of $325,000 in incentive awards to the 25 class representatives."  Plaintiffs' Counsel however fails to identify any other objector who argued that "the cy pres recipients have no connection to this case."   The Court in the September 28,

---

[1] See www.slideshare.net/MartinNew/groupon-s1-analytics.

1   2012, Order did not identify any other objector who argued that "the cy pres recipients have no
2   connection to this case."  No other objector provided evidence that EFF and CDT were free
3   speech and internet privacy advocates rather than consumer's rights organizations like the
4   National Association of Consumer Advocates.

5       Furthermore, it is disingenuous for Plaintiffs' Counsel to argue that Pridham requested
6   that the Court modify the settlement to replace EFF and CDT and replace it with NACA.
7   Objector Pridham only took the position that NACA would have been a better and proper cy
8   pres recipient.  The fact that the parties did not include an award to NACA in the new
9   settlement proposal does not mean that the fund has not increased $75,000 through the
10  elimination of a recipient who had "no nexus" to the case nor does it mean that Pridham did
11  not benefit the settlement by creating a good-faith adversarial process to the settlement.

12      Moreover, there is no evidence that Pridham duplicated her arguments from other
13  objectors.  Pridham made a unique objection that was different from the cy pres objections
14  that were made by Browne, Hall, Sheppard, the Palmer Objectors or the Miller Objectors.
15  Plaintiffs' Counsel has provided no evidence that Pridham duplicated the efforts of these other
16  objectors.  Of these Objectors, only Pridham appeared personally at the Fairness Hearing.
17  Counsel for Browne participated telephonically but has not applied for any fee award.
18  Counsel Steve Miller and Counsel Darrell Palmer did not appear or participate at the Final
19  Approval Hearing.

20      Pridham contends that just like Counsel in *Rodriguez* pointed out that the incentive
21  awards in *Rodriguez* were improper, Counsel Pridham pointed out that EFF and CDT had no
22  connection to the nexus of the Groupon case.  The September 28, 2012 Order supports this
23  contention.

24      Objectors are vilified when they file frivolous appeals in order to delay the resolution of
25  class action cases and try to extort money from Class Counsel.  But Objectors should be
26  rewarded not vilified when they inject a good-faith adversarial process into class actions and
27  succeed at getting defective settlements tossed out and replaced by new settlements.  Such is
28  the case here.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONCLUSION

Objector Pridham respectfully requests that the Court award her $18,500 for attorney's fees for providing substantial process-based benefits and economic benefits to the rest of the class.

DATED: December 7, 2012.

/S/ *Grenville Pridham*
Grenville Pridham
2522 Chambers Road, Suite 100
Tustin, CA   92780
(714) 486-5144

grenville@grenvillepridham.com
Counsel for Objector Andrea Pridham

*In re GROUPON MARKETING AND SALES PRACTICES LITIGATION,*
Case No. 3:11-md-02238-DMS-RBB
Objector Pridham's Reply Brief in Support of Motion for Attorneys' Fees and Costs