# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: GROUPON, INC., MARKETING AND SALES PRACTICES LITIGATION, | CASE NO. 11md2238 DMS (RBB)<br><br>**ORDER DENYING OBJECTOR PRIDHAM'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

This case comes before the Court on Objector Andrea Pridham's motion for attorneys' fees and costs. Plaintiffs filed an opposition to the motion, and Objector Pridham filed a reply. After thoroughly considering the parties' briefs and the record on file herein, the Court denies the motion.

This class action case is awaiting final approval of the parties' amended settlement agreement. The amended settlement agreement is the same as the original settlement agreement with one exception: it does not include a *cy pres* provision. That provision was removed after several members of the class objected to the provision, the Court sustained those objections and denied the motion for final approval of the original settlement agreement. Objector Pridham was one of those class members. She did not object to the *cy pres* provision as a whole, but rather her objection was geared primarily towards the recipients of the *cy pres* fund. Specifically, she argued there was an insufficient connection between the issues in the case and the proposed *cy pres* recipients. She proposed that the *cy pres* fund go instead to the National Association of Consumer Advocates. Objector Pridham asserts her objection increased the amount of the common fund, thereby benefitting all members of the class, therefore the Court should

1  award her reasonable attorneys fees and costs in the amount of $18,750, plus an incentive award of
2  $500.

3  "Objectors can play a valuable role in providing the court with information and perspective with
4  respect to the fairness, adequacy, and reasonableness of a class action settlement." *In re HP Inkjet*
5  *Printer Litig.*, No. 5:05-cv-3580 JF, 2011 WL 2462475, at *1 (N.D. Cal. June 20, 2011).  When an
6  objector's conduct results in an increase to a common fund or other substantial benefits to class
7  members, "the objectors may claim entitlement to fees on the same equitable principles as class
8  counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) (citing *Vizcaino v. Microsoft Corp.*,
9  290 F.3d 1043, 1051-52 (9th Cir. 2002)).

10  Here, Objector Pridham argues that her objection to the *cy pres* provision resulted in a $75,000
11  increase to the common fund.[1]  However, the Court disagrees.  As stated above, Objector Pridham did
12  not object to the *cy pres* provision, as a whole.  Rather, she objected primarily to the proposed *cy pres*
13  recipients as having an insufficient nexus to the case.  Instead of proposing that the *cy pres* provision
14  be deleted in its entirety, Objector Pridham proposed that the funds be directed to another entity, the
15  National Association of Consumer Advocates.  Thus, Pridham's objections did not result in an increase
16  to the common fund.

17  Furthermore, Pridham was not the only one to raise an objection to the *cy pres* provision.
18  Objectors Hall, Sheppard, Brown, Strohlein, Connors (Maureen and Aileen), Schulte, Miller, Maxfield
19  and Spies also objected to the *cy pres* provision in the original settlement agreement.  Under these
20  circumstances, there is no error in refusing to award attorneys' fees to an objector.  *See id.* (stating
21  denial of fees is not error where objectors' work is duplicative and confers "no unique benefit to the
22  class.")

23  Finally, although the objectors' contributions to the Court's review of the settlement agreement
24  were helpful, the Court's concern with the *cy pres* provision was prompted not so much by those
25  objections as by the Ninth Circuit decision in *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012).  The
26  Ninth Circuit issued its first opinion in *Dennis* on July 13, 2012, after the first settlement agreement was
27  executed and after the Court granted preliminary approval of that settlement.  After the objections were

28

---

[1] That increase corresponds to the amount of the now-defunct *cy pres* provision.

- 2 -

1 filed and the parties filed their joint motion for final approval of the settlement, but before the final
2 approval hearing, the Ninth Circuit withdrew its opinion in *Dennis* and issued a new opinion. That
3 decision, more than any objection, prompted the Court's careful consideration of the *cy pres* provision,
4 and ultimately led to the Court's rejection of the original settlement agreement. Based thereon, the
5 Court cannot say Pridham's objection caused an increase in the common fund or otherwise resulted in
6 a substantial benefit to class members. Accordingly, Pridham's motion for attorneys' fees and costs is
7 denied.

**IT IS SO ORDERED.**

DATED: December 18, 2012

HON. DANA M. SABRAW
United States District Judge