UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | No. 3:11-md-02238-DMS-RBB<br><br>ORDER APPROVING CLASS ACTION SETTLEMENT<br><br>Judge:     Hon. Dana M. Sabraw<br>Courtroom: 10 |

WHEREAS, Plaintiffs and Defendants, as those terms are defined in the Amended Stipulation of Class Action Settlement dated October 5, 2012 ("Amended Settlement Agreement"), by and through their respective counsel, on March 29, 2012 executed and filed with the Court a Stipulation of Class Action Settlement ("Settlement Agreement");

WHEREAS, the Court entered an Order Preliminarily Approving the Class Action Settlement, Conditionally Certifying Settlement Class, Providing for Notice and Scheduling Order on April 24, 2012 ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class; scheduling a Final Approval Hearing to determine whether to finally approve the Settlement, to finally certify the Settlement Class, and to award Attorneys' Fees and Expenses and/or Incentive Awards; and to consider any objections properly and timely presented; and

WHEREAS, the Court held a Final Approval Hearing on September 7, 2012, at which all interested Persons were given the opportunity to be heard;

WHEREAS, on September 28, 2012, the Court, having heard and considered all submissions in connection with the proposed Settlement, as well as the arguments of counsel, overruled all objections to the Settlement Agreement with the exception of two objections to the $75,000 *cy pres* award, but on that basis denied the joint motion for final approval of the Settlement Agreement;

WHEREAS, on October 5, 2012, Plaintiffs and Defendants by and through their respective counsel, executed and filed with the Court an Amended Settlement Agreement, which is identical to the previously-filed Settlement Agreement in all material respects except that it eliminates any *cy pres* award; and

WHEREAS, the Court having heard and considered all submissions in connection with the proposed Settlement, the files and records herein, as well as the arguments of counsel and all objectors;

/////

/////

/////

The Court hereby finds and concludes:

1. This Order incorporates by reference the definitions in the Amended Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Amended Settlement Agreement unless set forth differently herein.

2. This Action is a consolidation of seventeen (17) actions: sixteen (16) actions filed in, or removed to, federal courts and transferred to this District pursuant to 28 U.S.C. §1407, and one (1) action then pending in this District. A related case is also pending in Illinois state court. All of the cases arose out of the marketing and sale of Groupon Vouchers.

3. Plaintiffs filed complaints naming Groupon, Inc., and certain of its Merchant Partners as Defendants.

4. The complaints set forth claims under federal and state law, alleging, *inter alia*: (a) that expiration dates stated on Groupon Vouchers violate the Electronic Funds Transfer Act, 15 U.S.C. §1693, *et seq*. ("EFTA"), and various state consumer statutes applying to gift certificates; (b) that Groupon imposes allegedly illegal and undisclosed restrictions, including but not limited to "Not valid for cash back (unless required by law)," "Must use gift certificate in one visit," and other restrictions; and (c) that Groupon's Terms of Use and website are in various ways misleading or deceptive or unenforceable. Plaintiffs sought damages, restitution, injunctive relief and other relief in the Actions.

5. The Settlement Class was conditionally certified by the Court's Preliminary Approval Order, dated April 24, 2012, defined as:

> All Persons who purchased or received one or more Groupon Vouchers for redemption at a Merchant Partner in the United States, from November 2008 until December 1, 2011. Excluded from the Settlement Class are Defendants, Merchant Partners, their parent companies, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, Groupon employees and all judges assigned to hear any aspect of this litigation, as well as any immediate family members of any of the preceding referenced individuals.

6. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members (as defined above), including, without

limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action with prejudice.

7. The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Amended Settlement Agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that: (a) the Members of the Settlement Class are so numerous that joinder of all individual Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which questions predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the Settlement.

8. The Class Representatives appointed in this Court's Order Preliminarily Approving Class Action Settlement have fairly and adequately represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

9. The Court's Preliminary Approval Order appointed Rust Consulting, Inc. to serve as the Claims Administrator and directed that Notice be given to the Settlement Class pursuant to the Notice Program proposed by the Parties and approved by the Court.

10. In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, the Class Administrator caused the Settlement Class Notice to be e-mailed to the last known e-mail address of all identified potential Settlement Class Members and caused to be published on the Settlement Website, www.grouponvouchersettlement.com, copies of the Class Notices (the Class Settlement Notice Website and the Settlement Fund Claim Notices); instructions on how to submit Claims and requests for refunds online or by e-mail, mail or facsimile; FAQs and answers; the Settlement Agreement and all Exhibits thereto, all Orders of the Court pertaining to the Settlement, a toll-free telephone number and addresses to contact the

Claims Administrator by e-mail and mail; and other information relating to the Settlement that may be of assistance to the Settlement Class. The Settlement Class Notice advised Settlement Class Members of the background of the Action and terms of the proposed Settlement; of the Final Approval Hearing, and their right to appear at such Hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement; of procedures for exercising such rights; of procedures and deadlines for submitting Settlement Fund Claims and requests for refund under the Settlement Agreement; of the scope of the Release; and of the binding effect of this Order and the accompanying Final Judgment in this Action, whether favorable or unfavorable, to the Settlement Class. The Notice further invited Settlement Class Members to provide their contact information by way of an online process (or by e-mail, mail or facsimile) to include them in the direct dissemination of the Settlement Fund Claim Notice.

11. Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the Settlement Class Notice provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. The Notice Program was designed to provide notice in the manner most likely to be received and read by Settlement Class Members. The Claims Administrator has filed with the Court proof of compliance with the Notice Program in accordance with this Court's Preliminary Approval Order. The Settlement Class received valid, due, and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

12. In order to further clarify for the Settlement Class the terms of the proposed Settlement, the parties determined it appropriate to provide additional notice to the Settlement Class regarding certain terms of the Settlement Agreement. The parties applied to this Court and requested a brief extension of the time for Class Members to seek exclusion from the Settlement Class, or to object to the Settlement. The Court approved a continuance of the final approval hearing and related dates in order to permit the parties to provide this additional notice to the class. That supplemental notice was subsequently and timely distributed to the class by e-mail.

13. The Final Approval Hearing was held on September 7, 2012. The Court, after a hearing and based upon all submissions of the Parties and interested Persons, overruled all

objections to the Settlement Agreement with the exception of two objections to the *cy pres* award based on the Ninth Circuit's recent decision in *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012) . (Dkt. No. 97, p. 15.) Because the Court lacks the authority to strike down only the *cy pres* portions of the Settlement, the Court denied the joint motion for final approval of the Settlement. (*Id.* at p. 16.)

14. Now, Plaintiffs and Defendants by and through their respective counsel, have executed and filed with the Court an Amended Settlement Agreement, which is identical to the previously-filed Settlement Agreement in all material respects except that it provides that the entire Second Settlement Fund, if designated, will be used to pay Class Member Claims until exhausted.

15. Padraigin Browne and Andrea Pridham, objectors to the original Settlement Agreement, assert the parties must provide notice of the Amended Settlement Agreement to the class, and give class members an opportunity to be heard on the fairness, reasonableness and adequacy of the Amended Settlement Agreement. The Court notes the Amended Settlement Agreement was posted on the Settlement Website, thereby providing notice of the class. The Court finds, however, that a hearing on the Amended Settlement Agreement is unnecessary. The class members were provided a full opportunity to be heard on the original Settlement Agreement. The Amended Settlement Agreement is the same as the original Settlement Agreement, save for the *cy* pres provision, which was removed, resulting in a $75,000 increase to the common fund. As this change benefits the class, the Court overrules Browne and Pridham's objections to entry of this Order.[1]

16. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties as embodied in the Amended Settlement Agreement is fair, reasonable,

---

[1] Pridham's counsel also raises a concern that class member Kenneth Hinton may not be on the list of persons opting out of the settlement. The Court notes Pridham's counsel does not represent Mr. Hinton, therefore he has no standing to raise this concern. Even if he did have standing, Mr. Hinton is included on the list of persons opting out of the settlement.

1  and adequate as to the Settlement Class Members.  The terms and provisions of the Amended
2  Settlement Agreement are the product of lengthy, arms-length negotiations conducted in good
3  faith and with the assistance of an experienced mediator, the Hon. Daniel Weinstein (Ret.) of
4  JAMS.  Approval of the Amended Settlement Agreement will result in substantial savings of
5  time, money and effort to the Court and the Parties, and will further the interests of justice.
6       17.     Having considered the submissions by Class Counsel, the absence of any
7  opposition from Defendants, and all other relevant factors, the Court finds that Class Counsel
8  have expended substantial time and effort in their able prosecution of claims on behalf of the
9  Settlement Class.  The Class Representatives initiated the Actions, acted to protect the
10 Settlement Class, and assisted their counsel.  Their efforts have produced an Amended
11 Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and
12 certain result for the Settlement Class.  Class Counsel is entitled to reasonable attorneys' fees for
13 their work, which the Court finds to be $2,125,000, including reasonable expenses incurred in
14 the litigation.  This amount constitutes 25% of the common fund of $8.5 million, which is the
15 benchmark award for attorneys' fees in the Ninth Circuit.  *Staton v. Boeing Co.*, 327 F.3d 938,
16 968 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).[2]
17 Class Representatives are entitled to Incentive Awards in the amount of $500 each.  Such
18 Incentive Awards and Attorneys' Fees shall be paid out of the Settlement Fund.
19      NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED,
20 DECREED, AND ADJUDGED:
21      1.     The terms and provisions of the Amended Settlement Agreement, including all
22 Exhibits thereto, are hereby fully and finally approved as fair, reasonable and adequate as to, and
23 in the best interests of the Settlement Class, and in full compliance with all applicable
24 requirements of the Federal Rules of Civil Procedure, the United States Constitution (including
25 the due process clause), and any other applicable law.  The Notice Program complies in all

---

[2] Because the Court is adopting the common fund approach, it declines to address the objections to the use of block billing and billing in quarter-hour increments.

1  respects with the requirements of Federal Rule of Civil Procedure 23 and Constitutional due
2  process by providing due, adequate, and sufficient notice to the Settlement Class.  The Parties
3  and the Claims Administrator are ordered to effectuate the Settlement in accordance with the
4  terms of the Amended Settlement Agreement.  The terms of the Amended Settlement Agreement
5  are fully incorporated into this Order as if set forth fully herein.
6         2.     The Court, after reviewing and considering the objections to the Settlement and
7  Plaintiffs' Request for an Award of Attorneys' Fees and Expenses and Plaintiffs' Incentive
8  Awards, the responses of the Parties as set forth in their briefs, the supporting declarations and
9  other submissions in support thereof, and oral arguments presented at the Final Approval
10 Hearing, overruled all objections except those relating to *cy pres* distribution of settlement funds,
11 as described above.  As the Amended Settlement Agreement includes no *cy pres* distribution,
12 the objections relating to *cy pres* are hereby overruled as moot.
13        3.     Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement
14 only, the Court finally certifies this Action as a class action brought by the Class Representatives
15 on behalf of the Settlement Class as defined above with respect to all of the claims alleged in the
16 Actions.
17        4.     Excluded from the Settlement Class are those Persons who have timely filed valid
18 Requests for Exclusion ("Opt-Outs").  A list of those Persons is attached as Exhibit 1.  The
19 Persons who filed timely, valid Requests for Exclusion are not bound by the Settlement and may
20 pursue their own individual remedies against Defendants and the Released Parties.  However,
21 such Persons are not entitled to any rights or benefits provided to Settlement Class Members by
22 the terms of the Settlement.
23        5.     All Settlement Class Members are bound by this Order, the accompanying Final
24 Judgment, and by the terms and provisions of the Amended Settlement Agreement incorporated
25 herein.
26        6.     The Plaintiffs, each Settlement Class Member, and any Person claiming by or
27 through a Plaintiff or Settlement Class Member, including any Person who purchased or
28 otherwise received any Groupon Voucher from a Settlement Class Member, and all of their

respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates ("Releasing Parties") are hereby deemed to have released and forever discharged all Defendants and all of Groupon's Merchant Partners who were not named as Defendants, and including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees and assigns ("Released Parties") from any and all individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description that a Releasing Party has or may have, including assigned claims, whether known or unknown, asserted or unasserted, that is, has been, or could reasonably have been asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory or relief claimed, and regardless of the type of relief or amount of damages claimed, against any of the Released Parties arising from, or in any way relating to any of the allegations regarding the advertising, marketing, redemption or sale of Groupon Vouchers purchased or received between November 1, 2008 and December 1, 2011, alleged in the Actions, including but not limited to allegations regarding any use of expiration dates on Groupon Vouchers, and regarding any other practice, conduct, or presentation of "Daily Deals," "Fine Print," "Legal Stuff We Have To Say," "Not Valid For Cash Back," other terms of use or terms of sale, disclaimers, arbitration provisions, allegations of improper time pressure placed on customers or requirements to use Groupon Vouchers in one visit, failures of disclosure, or any of the other allegations or claim raised in any of the Actions, or that could have been alleged based on the allegations raised in any of the Actions.  Further, the Releasing Parties release any claim that the Promotional Value shown on Groupon Vouchers may not expire and shall be enjoined from challenging the expiration of Promotional Value of past Groupon Vouchers or Groupon Vouchers issued in the future. ("Released Claims").  The Releasing Parties shall be deemed to have fully, finally, and forever expressly waived and relinquished with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all

similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

7. The Released Parties are hereby forever released and discharged from any and all of the Released Claims. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

8. Each of the Defendants, the Released Parties, and any Person claiming through them hereby shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of the Actions or the Released Claims.

9. The Amended Settlement Agreement, this Order and accompanying Final Judgment, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any Plaintiff, Defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

10. The Amended Settlement Agreement, this Order and the accompanying Final Judgment, or the fact of the Settlement Agreement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for

any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Amended Settlement Agreement, this Order and the accompanying Final Judgment.

11. The Court hereby awards Class Counsel their requested Attorneys' Fees and Expenses, and awards the Class Representatives' Incentive Awards. Such fees and expenses shall be paid to Class Counsel out of the Settlement Fund within five (5) business days of entry of the accompanying Final Judgment. Class Counsel, in their sole discretion, are hereby authorized to allocate and distribute the fees among Plaintiffs' Counsel. All such payments are to be made in accordance with the provisions of the Amended Settlement Agreement.

12. No opinions concerning the tax consequences of the Settlement to Settlement Class Members have been given, and no representations or warranties regarding such tax consequences are made in the Amended Settlement Agreement. The Parties and their respective counsel shall not be liable to any Party or Person for any tax consequences that result from the implementation of this Settlement. Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

13. The Court hereby dismisses with prejudice the Actions and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as otherwise provided in this Order and the accompanying Final Judgment.

14. The Court reserves jurisdiction over the implementation, administration and enforcement of this Order, the accompanying Final Judgment, the Amended Settlement Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Amended Settlement Agreement; nor shall anything in this Order or the accompanying Final Judgment preclude Plaintiffs or Settlement Class Members from participating in the Claims

process described in the Amended Settlement Agreement if they are entitled to do so under the terms of the Amended Settlement Agreement.

15. Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of this Order or the accompanying Final Judgment, or delay the Effective Date.

16. The Parties and their counsel and the Claims Administrator are hereby directed to implement the Amended Settlement Agreement according to its terms and provisions.

17. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Amended Settlement Agreement, including without limitation, the forms to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Class Members under the Amended Settlement Agreement.

18. The Court will separately enter the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated: December 14, 2012

THE HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE