

**FILED**
May 01 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ AKR  DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GROUPON MARKETING AND SALES PRACTICES LITIGATION, | No. 13-55118<br><br>D.C. No. 3:11-md-02238-DMS-RBB<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |
| ANTHONY FERREIRA; et al., | |
|       Plaintiffs - Appellees, | |
|   v. | |
| PADRAIGIN BROWNE, | |
|       Objector - Appellant, | |
|   v. | |
| GROUPON, INC.; et al., | |
|       Defendants - Appellees. | |
| In re: GROUPON MARKETING AND SALES PRACTICES LITIGATION, | No. 13-55128<br><br>D.C. No. 3:11-md-02238-DMS-RBB<br>U.S. District Court for Southern California, San Diego |
| ANTHONY FERREIRA; et al., | |
|       Plaintiffs - Appellees, | |
|   v. | |

SEAN HULL,

   Objector - Appellant,

v.

GROUPON, INC.; et al.,

   Defendants - Appellees.

   The judgment of this Court, entered February 19, 2015, takes effect this date.

   This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

             FOR THE COURT:
             Molly C. Dwyer
             Clerk of Court

             Craig Westbrooke
             Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GROUPON MARKETING AND SALES PRACTICES LITIGATION, <br><br> ANTHONY FERREIRA; HEATHER KIMEL; BRIAN ZARD; SARAH GOSLING; ASHLEY CHRISTENSEN; WILLIAM EIDENMULLER; JASON COHEN; CARLOS VAZQUEZ; ELI R. JOHNSON; JULIE BUCKLEY; SARAH MEHEL; NEVIN BOOTH; BARRIE ARLISS; JEFF LAWRIE; MICHAEL MCPHERSON; ERIC TERRELL; KENNETH HINTON; E.G. JOHNSON; NICHOLAS SPENCER, individually and on behalf of all others similarly situated, <br><br>          Plaintiffs - Appellees, <br><br>   v. <br><br> PADRAIGIN BROWNE, <br><br>          Objector - Appellant, <br><br>   v. <br><br> GROUPON, INC.; NORDSTROM INC.; | No. 13-55118 <br><br> D.C. No. 3:11-md-02238-DMS-RBB <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FUN TIME, LLC, DBA Wheel Fun Rentals; YMCA OF METROPOLITAN WASHINGTON; WHIRLY WEST INC., DBA WhirlyBall; SPA BLIX, INC., a Washington corporation; FULL CIRCLE FARMS, INC., a Washington corporation; CHARLES RIVERBOAT COMPANY, INC.; BEAUTY & BLISS, LLC; THE GAP, INC.,

   Defendants - Appellees.

In re: GROUPON MARKETING AND SALES PRACTICES LITIGATION,

ANTHONY FERREIRA; HEATHER KIMEL; BRIAN ZARD; SARAH GOSLING; ASHLEY CHRISTENSEN; WILLIAM EIDENMULLER; JASON COHEN; CARLOS VAZQUEZ; ELI R. JOHNSON; JULIE BUCKLEY; SARAH MEHEL; NEVIN BOOTH; BARRIE ARLISS; JEFF LAWRIE; MICHAEL MCPHERSON; ERIC TERRELL; KENNETH HINTON; E.G. JOHNSON; NICHOLAS SPENCER, individually and on behalf of all others similarly situated,

   Plaintiffs - Appellees,
 v.

SEAN HULL,

   Objector - Appellant,

No. 13-55128

D.C. No. 3:11-md-02238-DMS-RBB

2

v.

GROUPON, INC.; NORDSTROM INC.; FUN TIME, LLC, DBA Wheel Fun Rentals; YMCA OF METROPOLITAN WASHINGTON; WHIRLY WEST INC., DBA WhirlyBall; SPA BLIX, INC., a Washington corporation; FULL CIRCLE FARMS, INC., a Washington corporation; CHARLES RIVERBOAT COMPANY, INC.; BEAUTY & BLISS, LLC; THE GAP, INC.,

    Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 2, 2015
Pasadena California

Before: REINHARDT and GOULD, Circuit Judges, and MOTZ, Senior District Judge.[**]

  This dispute arises from the district court's approval of a class action settlement between Defendants-Appellees Groupon and other merchants ("Groupon") and a nationwide class of customers (collectively, the "settling parties"). On appeal, Objectors-Appellants Sean Hull and Padraigin Browne

---

  [**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

3

contend that notice of the settlement was inadequate, and that the district court made several errors when it approved the settlement and awarded attorneys' fees to class counsel.  Mindful of the high procedural standard that we have set for settlements that, like the one at issue here, occur before certification of the class, we vacate approval and remand to the district court so that it can conduct a "more searching inquiry into the fairness of the negotiated distribution of funds, as well as consider the substantive reasonableness of the attorneys' fee request in light of the degree of success attained."  *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 938 (9th Cir. 2011) ("*Bluetooth*").

As an initial matter, we conclude that the *de minimis* changes made to the settlement in response to the district court's initial disapproval did not require sending a new notice to the class, or holding another fairness hearing.  Before approving settlement, a district court must "must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (internal quotation marks omitted).  There is no dispute that the original notice satisfied this requirement for the originally proposed settlement.

Because the settling parties merely excised a single *cy pres* provision, representing a negligible part of the overall monetary relief ($75,000 *cy pres* out of an $8.5 million fund), we conclude that the original notice described a settlement nearly identical in material respects to the final settlement.  Further, Objectors do not show that their objections were not considered by the district court at the fairness hearing.

Objectors also contend that a component of the settlement, called the Second Settlement Fund, functions as a reverter to Groupon, provides illusory relief to the class, and serves to inflate the purported value of the fund for purposes of calculating class counsel's fee.  We take no position on the fairness of the Second Settlement Fund.  We rarely overturn a district court's conclusions on substantive fairness, *see Stanton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003), but we have made clear that a more searching inquiry is required procedurally when a settlement comes before a class is certified.  *See Bluetooth*, 654 F.3d 946–947.

Here, our review of whether the district court made an adequately searching inquiry on the settlement's fairness is hampered by a lack of factual findings relating to this Second Settlement Fund.  The district court accepted the settling parties' contention that Second Settlement Fund was a dollar-for-dollar benefit to the class.  It made no findings as to: 1) the probable size, scope and impact of the

5

Second Settlement Fund, to the extent such determinations are feasible; and 2) whether the benefits of the Second Settlement Fund were in any way duplicative of preexisting relief available to class members via Groupon's customer satisfaction policy, under which it conceded that it paid refunds to customers.  But both issues appear to have been points of significant dispute between Objectors and the settling parties.  Such findings will aid our proper review of the proposed settlement and so we remand.

As in *Bluetooth*, "we express no opinion on the ultimate fairness of what the parties have negotiated, for we have no business substituting our notions of fairness for those of the district judge."  654 F.3d at 950 (internal quotation marks and alterations omitted).  The settlement relief as a whole, including the changes to Groupon's business practices, undoubtedly yields values to the class, to the company and to the public.  But on this record, and given the complexity of the settlement, it is hard to quantify, or even to have a basis for fairly estimating, the value of the relief to the class.  And while we do not require a precise calculation, we must have some basis, beyond the assertions of the settling parties, upon which to calculate a value and compare the relationship of that benefit to the amount of fees approved for class counsel as part of the settlement.  On remand, the parties and the district court may explore the extent to which values may be quantified by

reference to factual or expert testimony, or reliably bounded within a specific range of values that are expected, or illustrated by proxy evidence.[1]  After appropriately supplementing the record, the district court may exercise its discretion to reapprove the settlement and class counsels' fee, reapprove the settlement but modify class counsels' fee, to disapprove the settlement, or take other appropriate actions depending on its inquiry, findings, and evaluation of whether the settlement is fair, reasonable, and adequate.[2]

VACATED and REMANDED with instructions.

The parties shall bear their own cost.

---

[1] For example, the costs to Groupon of changes in company policy as part of the settlement may or may not be a reasonable proxy for benefit to class members.

[2] Because we do not reach questions of substantive fairness, we do not address Objectors' various other contentions of error, including their substantive arguments regarding the scope and benefits of the Second Settlement Fund. Objectors may raise such arguments again if there is a subsequent appeal.

FILED

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Browne v. Groupon,* No. 13-55118

MOTZ, Senior District Judge, concurring:

I concur in the memorandum disposition. I write separately only to say that (1) I believe the district judge has done an admirable job, (2) our memorandum disposition does not reflect on the ultimate issue that the District Court must decide – the fairness, reasonableness, and adequacy of the settlement, (3) some appellate courts may not fully understand how eleventh-hour objectors may interfere with the proper resolution of MDL proceedings, and (4) we risk diminishing the role of lawyers in forging a settlement that is in the interest of the class, the defendant, and the public by second-guessing a settlement resulting from a mediated settlement. All of that said, the reasoned memorandum disposition is consistent with circuit precedent.