1  ROBBINS GELLER RUDMAN
       & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   RACHEL L. JENSEN (211456)
3  PHONG L. TRAN (204961)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   johns@rgrdlaw.com
6  rachelj@rgrdlaw.com
   ptran@rgrdlaw.com
7
   Class Counsel
8

DLA PIPER LLP (US)
SHIRLI FABBRI WEISS (079225)
CHRISTOPHER M. YOUNG (163319)
KATHERINE J. PAGE (259556)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Telephone: 619/699-2700
619/699-2701 (fax)
shirli.weiss@dlapiper.com
christopher.young@dlapiper.com
katherine.page@dlapiper.com

Attorneys for Defendants

9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12  In re GROUPON MARKETING AND SALES )
    PRACTICES LITIGATION                )
13  _____ )

No. 3:11-md-02238-DMS-RBB

**DECLARATION OF SHIRLI FABBRI
WEISS IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF
SETTLEMENT**

Judge:  Hon. Dana M. Sabraw
Courtroom: 13A
Date: October 9, 2015
Time: 1:30 p.m.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Shirli Fabbri Weiss, declare:

1.     I am an attorney licensed to practice law in California and admitted to practice before this honorable court, and am a partner in the law firm of DLA Piper LLP (US), attorneys of record for defendant Groupon, Inc. ("Groupon, Inc.") in the above-captioned action.  I have personal knowledge of the matters set forth in this Declaration, or, to the extent the statements describe Groupon's business, the matters are based on the disclosed statements of Groupon. Unless otherwise stated, the meaning of capitalized terms herein correspond to the definitions of capitalized terms set forth in the Stipulation of Class Action Settlement ("Settlement Agreement") submitted herein.

2.     In addition to the seventeen cases relating to Groupon's marketing and sales practices pending before this Court, a putative class action is pending in Illinois state court: *Dremak v. Groupon, Inc.,* case no. 11-CH-8076 (Kane County, IL).

3.     Formed in November 2008, Groupon operates online local commerce marketplaces throughout the world that connect merchants to consumers by offering goods and services at a discount.  Groupon acts as a third party marketing agent by selling vouchers ("Groupons") that can be redeemed for products or services with a merchant.  It also sells merchandise directly to customers in transactions for which it is the merchant of record. Customers access Groupon's deal offerings directly through its websites, mobile platforms and emails and may also access its offerings indirectly using search engines.

4.     Each day, Groupon provides consumers with a selection of promotional offers (known as "Daily Deals" during the time period relevant to the Settlement Agreement: the time period between November 2008 and December 1, 2011, the "Relevant Time Period") from merchants across the United States and abroad.  Consumers purchase Groupon Vouchers directly from Groupon's website, which can then be redeemed for the specified goods or services at the offering merchant.  A typical offer might allow a consumer to pay $20 to purchase a Groupon Voucher, which the consumer could then redeem for $40 value in goods or services at the specified merchant as specified in the terms of the offer.

/////

5.     Consumers may sign-up online to receive a daily e-mails from Groupon regarding the promotional offers available each day in targeted geographical location(s) and categories selected by the consumer based on personal preference.  Consumers may also access Groupon's promotional offers directly through Groupon's website and mobile applications.

6.     In order to purchase any Groupon Voucher or subscribe to receive daily e-mails, a consumer must create a Groupon account by providing a valid e-mail address and agreeing to Groupon's Terms and Conditions.

7.     A Groupon Voucher consists of two separate values:  a customer purchase price value equal to the amount paid by the consumer to purchase the Voucher, and a free add–on promotional value for which the consumer does not pay.

8.     Groupon believes that it has valid defenses in law and fact to Plaintiffs' legal allegations and request for settlement class certification.  For example, Groupon believes that Plaintiffs' claims are subject to an arbitration clause and that Plaintiffs have waived their right to pursue class action.  Groupon further believes that Plaintiffs lack standing to pursue their claims under various state statutes because they have not suffered injury.

9.     On March 29, 2012, the parties submitted a Motion for Preliminary Approval of Settlement (Dkt. 40) and on April 24, 2012, the Court issued an Order (Dkt. 42) which, *inter alia,* conditionally certified the Actions as a class action pursuant to 23(b)(3) and 23(c)(1) of the Federal Rules of Civil Procedure for purposes of settlement only, on behalf of the following settlement class:

> "All Persons who purchased or received one or more Groupon Vouchers for redemption at a Merchant Partner in the United States, from November 2008 until December 1, 2011.  Excluded from the Settlement Class are Defendants, Merchant Partners, their parent companies, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, Groupon employees, and all judges assigned to hear any aspect of this litigation, as well as immediate family members of any of the preceding referenced individuals."

10.     Following the Court's entry of the Order Preliminary Approving the Class Action Settlement, the Settlement Class was given notice of that settlement and approximately 70,600 Settlement Class Members submitted claims in anticipation of the final approval of that settlement agreement, to the Claims Administrator.

11.     On September 28, 2012, the Court denied approval of that settlement agreement (Dkt. 97) and the Parties then amended and re-submitted to the Court, as amended, the settlement agreement dated October 5, 2012, (the "2012 Proposed Settlement Agreement") (Dkt. 98-1).

12.     On December 18, 2012 the Court issued an order approving the 2012 Proposed Settlement Agreement (Dkt. 108), which, *inter alia*, certified the same settlement class that was conditionally approved in the Order Preliminary Approving the Class Action Settlement, and on December 18, 2012, entered a judgment (Dkt. 109) in accordance therewith.

13.     On February 19, 2015 the Ninth Circuit Court of Appeals issued a Memorandum opinion vacating the judgment which had been entered by the Court on December 18, 2012, denied a petition for rehearing on March 30, 2015, and on June 22, 2015, Groupon terminated the 2012 Proposed Settlement Agreement.

14.     After the Ninth Circuit remand, the parties engaged in extensive arm's-length negotiations and have agreed that an appropriate resolution of this controversy is accomplished through the benefits and releases set forth in the Stipulation of Class Action Settlement.  The proposed Settlement Agreement is the product of extensive arm's-length negotiations between counsel.  I participated in all of these settlement communications from the commencement of this action.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of September, 2015, in San Diego, California.

*s/ Shirli Fabbri Weiss*
SHIRLI FABBRI WEISS