UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | No. 3:11-md-02238-DMS-RBB<br><br>**ORDER (1) GRANTING JOINT MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT, (2) GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS AND (3) DENYING OBJECTOR PADRAIGIN BROWNE'S MOTION FOR ATTORNEY'S FEES AND COSTS AND FOR SERVICE AWARD** |

3:11-md-02238-DMS-RBB

EAST\121004864.2

WHEREAS, on September 11, 2015, Plaintiffs and Defendants filed their September 11, 2015 Stipulation of Class Action Settlement ("Settlement Agreement"), with the Court, jointly seeking preliminary approval of the same (*see* Dkt. 155);

WHEREAS, on October 22, 2015, the Court entered an Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order"), in which the Court granted preliminary approval of the Parties' Settlement Agreement, conditionally certified the Settlement Class, approved the Class notice procedures, and scheduled a hearing to determine whether to finally approve the Settlement Agreement, finally certify the Settlement Class, and award Attorneys' Fees and Expenses and/or Class Representative Awards, and to consider any objections properly and timely presented (Dkt. 157);

WHEREAS, the Court held an Approval Hearing on February 26, 2016 at which all interested Persons were given the opportunity to be heard; and

WHEREAS, the Court has heard and considered all submissions in connection with the proposed Settlement Agreement, the files and records herein, as well as the arguments of counsel, and has considered all objections.

The Court hereby finds and concludes:

1. This Order fully incorporates by reference: (a) the terms of the Parties' Settlement Agreement (including exhibits thereto); and (b) the Court's finding and conclusions contained in its Preliminary Approval Order, as if set forth fully herein.

2. Among other provisions, this Order expressly incorporates by reference the definitions in the Parties' Settlement Agreement (Dkt. 155-3 at §II.A), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise stated.

3.  This is a multi-district litigation ("MDL") proceeding comprised of seventeen (17) actions, sixteen (16) of which were filed in, or removed to, federal courts and transferred to this District pursuant to 28 U.S.C. §1407 (plus one additional case which was voluntarily dismissed after transfer) and one (1) of which was originally filed in this District.[1]  A related case is also pending in Illinois state court styled, *Dremak v. Groupon, Inc.*, No. 11-CH-8076 (Kane Cnty. IL).  All of these 18 consumer cases arose out of the marketing and sale of Groupon Vouchers.

4.  Plaintiffs filed complaints naming as defendants Groupon and certain Merchants who offered promotional deals through Groupon.

5.  The complaints alleged violations of federal and state law, including: (a) the expiration dates stated on Groupon Vouchers violate the Electronic Funds Transfer Act, 15 U.S.C. §1693, *et seq.* ("EFTA") (as amended by the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act"), 15 U.S.C. §1693, *et seq.*), as well as various state consumer statutes applying to gift certificates; (b) Groupon imposes allegedly illegal and undisclosed restrictions, such as "Not valid for cash back (unless required by law)," "Must use gift certificate in one visit"; and (c) Groupon's Terms of Use and website are

---

[1]  The 17 federal actions are: *Arliss v. Groupon, Inc.*, No. 3:11-cv-01374-DMS-RBB; *Booth v. Groupon, Inc.*, No. 3:11-cv-01320-DMS-RBB; *Christensen v. Groupon, Inc.*, No. 3:11-cv-01233-DMS-RBB; *Cohen v. Groupon, Inc.*, No. 3:11-cv-01245-DMS-RBB; *Eidenmuller v. Groupon, Inc.*, No. 3:11-cv-01244-DMS-RBB; *Ferreira v. Groupon, Inc.*, No. 3:11-cv-00132-DMS-RBB; *Gosling v. Groupon, Inc.*, No. 3:11-cv-01231-DMS-RBB; *Hinton v. Groupon, Inc.*, No. 3:11-cv-02674-DMS-RBB; *Johnson v. Groupon, Inc.*, No. 3:11-cv-02835-DMS-RBB; *Johnson v. Groupon, Inc.*, No. 3:11-cv-01279-DMS-RBB; *Kimel v. Groupon, Inc.*, No. 3:11-cv-01225-DMS-RBB; *McPherson v. Groupon, Inc.*, No. 3:11-cv-01551-DMS-RBB; *Mehel v. Groupon, Inc.*, No. 3:11-cv-01349-DMS-RBB; *Spencer v. The Gap, Inc.,* No. 3:12-cv-01210-DMS-RBB; *Terrell v. Groupon, Inc.*, No. 3:11-cv-01595-DMS-RBB; *Vazquez v. Groupon, Inc.*, No. 3:11-cv-01253-DMS-RBB; and *Zard v. Groupon, Inc.*, No. 3:11-cv-01232-DMS-RBB.  Jennifer Bates voluntarily dismissed her action, *Bates v. Groupon, Inc.*, No. 1:11-cv-10556-DJC (D. Mass.), on March 21, 2012.  *See* Dkt. 39.

misleading or deceptive or unenforceable.  Plaintiffs sought damages, restitution, injunctive relief and other relief in the Actions.

6. The Court conditionally certified a Settlement Class in the Preliminary Approval Order, dated October 22, 2015, defined as:

> All Persons who purchased or received one or more Groupon Vouchers for redemption at a Merchant in the United States from November 2008 until December 1, 2011. Excluded from the Settlement Class are Defendants, Merchant Partners, their parent companies, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, Groupon employees, and all judges assigned to hear any aspect of this litigation, as well as immediate family members of any of the preceding referenced individuals.

7. The Court has jurisdiction over the subject matter of these Actions and all Parties to the Actions, including all Settlement Class Members (as defined above), including, without limitation, jurisdiction to approve the Settlement, grant final certification of the Settlement Class, and dismiss the Actions with prejudice.

8. The Court finds that, for the sole purpose of approving and effectuating the Settlement embodied in the Settlement Agreement, this case satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), in that: (a) the Members of the Settlement Class are so numerous that joinder of all individual Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the Settlement.

9. The Court finds there is no evidence of collusion among the Parties in reaching the Settlement Agreement.  The Settlement Agreement was reached after

extensive, arm's-length negotiation, and after the Parties duly considered the Ninth Circuit's opinion vacating approval of the Parties' previous settlement agreement. Further, prior to reaching settlement in 2012, the Parties engaged in formal and informal discovery regarding arbitration, allowing them to assess the relative strengths and weaknesses of their respective positions, and to compare the benefits of settlement to further litigation. Moreover, in connection with the 2012 Proposed Settlement Agreement, the Parties engaged in multiple mediation sessions under the supervision of an experienced and well-respected mediator, the Honorable Daniel Weinstein (Ret.) of JAMS. After the Ninth Circuit vacated approval of the Parties' 2012 Settlement Agreement and remanded this case to this Court, the Parties entered into renewed settlement discussions to determine whether and how the Actions could be resolved in accordance with the Ninth Circuit's ruling, particularly in light of the passage of time since the 2012 Proposed Settlement Agreement. The subsequent arm's-length negotiations spanned more than four months and ultimately resulted in the current Settlement Agreement.

10. The Settlement provides substantial relief to the Settlement Class and satisfies the standard of overall fairness. Defendants have agreed to pay a total of $8,500,000 worth of relief comprised of: (i) Groupon Credits to be deposited directly into the Groupon accounts of Settlement Class Members ("Settlement Amount"); and (ii) Claims Administration Expenses, including costs of the Notice Program, and Attorneys' Fees and Expenses and Class Representative Awards. Settlement Class Members who submitted a timely and valid claim (including those who already submitted a valid claim under the 2012 Proposed Settlement Agreement) will receive Groupon Credits, with each Credit equivalent to $1.00 in buying power for the wide range of products and services offered on Groupon's website. While the Claims Administrator's review of claims is ongoing, preliminary analysis by the Claims Administrator and the Parties indicates that Settlement Class Members

have submitted timely and valid claims for approximately 222,021 Groupon Vouchers, with a total purchase price of approximately $6,550,736. These preliminary figures may be adjusted downward pending the Claims Administrator's final determination of the total number of timely and valid claims. It is anticipated that after payment of Claims Administration Expenses, Attorneys' Fees and Expenses and Class Representative Awards, there will be, at a minimum, approximately $5,336,000 worth of Groupon Credits available for the Settlement Class.[2] Accordingly, Settlement Class Members who submitted timely and valid claims will receive Groupon Credits worth, on average, at least 80% of the purchase price of their unredeemed, unrefunded Groupon Vouchers. This percentage may increase once the Claims Administrator completes its final analysis. The relief provided by the Settlement Agreement is not duplicative of relief available to Class Members via Groupon's customer satisfaction policy, which seeks to remedy customer dissatisfaction with goods or services redeemed, not historic expiration of long expired Vouchers.

11. The Court has considered the realistic range of outcomes in this matter, including the relief that Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the claims and defenses in the case, the novelty and number of complex legal issues involved, the risk that Plaintiffs would receive less than the settlement relief or take nothing at trial, and the risk that some or all of Plaintiffs' claims would be subject to mandatory individual arbitration provisions in Groupon's Terms and Conditions. Based on the strengths and weaknesses of the

---

[2] To date, more than $912,000 in Claims Administration Expenses have been incurred. In light of the ongoing and future work by the Claims Administrator, Claims Administration Expenses are expected to reach $1,030,000. Adding these projected Claims Administration Expenses ($1.03 million) to the requested award of Attorneys' Fees and Expenses ($2.125 million) and Class Representative Awards ($9,000) yields $3,164,000.

1  case, as well as the risks, uncertainty and expense of continued litigation, the Court
2  finds that the Settlement Agreement is fair, reasonable and adequate.  The
3  Settlement Amount, particularly the economic relief achieved on behalf of the
4  Settlement Class, is well within the range of reasonableness.
5     12.   The Court finds that the Settlement Agreement does not constitute a
6  "coupon" settlement subject to the heightened scrutiny of the Class Action Fairness
7  Act ("CAFA").  Unlike typical coupon relief, which is inflexible and provides little
8  or no value to the class, the Groupon Credits provided under the Settlement
9  Agreement may be used to purchase a wide range of products and services at various
10 price points (including numerous offerings under $25), without any additional out-of-
11 pocket expense on the part of Settlement Class Members.  If they so choose,
12 Settlement Class Members may combine Groupon Credits with their personal credit
13 toward a larger purchase, but that is not required.  Further, the Groupon Credits
14 provide Settlement Class Members with greater flexibility as they are not limited to
15 purchasing the same product or service set forth in their original Groupon Voucher.
16 Groupon Credits are thus analogous to the settlement gift cards authorized by the
17 Ninth Circuit in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 951-52 (9th
18 Cir. 2015), because the Credits may be used for many different types of products or
19 services without additional expense.  Moreover, several courts in this District have
20 recently found that class action settlements involving the issuance of credits or
21 vouchers redeemable for goods or services are not coupon settlements under CAFA.
22 *See Chaikin v. Lululemon USA Inc.*, No. 3:12-CV-02481-GPC-MDD, 2014 U.S. Dist.
23 LEXIS 35258, at *7 (S.D. Cal. Mar. 14, 2014) (settlement providing $25 "credit
24 vouchers" redeemable at Lululemon stores that "require[d] no additional purchase"
25 was not a coupon settlement); *Foos v. Ann, Inc.,* No. 11cv2794 L (MDD), 2013 U.S.
26 Dist. LEXIS 136918, at *7-*8 (S.D. Cal. Sept. 23, 2013) (settlement providing $15
27 voucher for Ann Taylor merchandise with no minimum purchase required was not a
28

1  coupon settlement); *Morey v. Louis Vuitton N. Am. Inc.*, No. 11cv1517 WQH (BLM), 2014 U.S. Dist. LEXIS 3331, at *17 (S.D. Cal. Jan. 10, 2014) (settlement providing $41 "Merchandise Certificate" redeemable at Louis Vuitton retail stores was not coupon settlement).

13. The Class Representatives appointed by the Court in the Preliminary Approval Order have fairly and adequately represented the Settlement Class throughout these proceedings and are hereby finally confirmed and appointed as Class Representatives.

14. The Settlement Agreement provides for a full and final resolution of the Actions, subject to the approval of the Court and the entry of this Order Approving Settlement and the accompanying Final Judgment.

15. The Court's Preliminary Approval Order appointed Rust Consulting, Inc. to serve as the Claims Administrator and directed that Notice be given to the Settlement Class pursuant to the Notice Program proposed by the Parties and approved by the Court. The selection and retention of Rust Consulting, Inc., as Claims Administrator, was reasonable and appropriate.

16. In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, the Class Administrator caused the Class Notice to be emailed to the last known email address of all identified potential Settlement Class Members. The email notices were sent from a "domain" that included Groupon's name to lessen the likelihood the notices would be treated as "spam" email. Based on the Claims Administrator's declaration, Class Notice was disseminated to approximately 14.1 million potential Settlement Class Members via email. The Class Notice was also posted on Class Counsel's website. The Claims Administrator also established and maintained the Settlement Website, www.grouponvouchersettlement.com, which featured copies of the Class Notice; instructions on how to submit Claims online or by email, mail or facsimile; FAQs

and answers; the Settlement Agreement and all Exhibits thereto; all Orders of the Court pertaining to the Settlement; Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Class Representative Awards; and other information relating to the Settlement that may be of assistance to the Settlement Class. The Class Notice and Settlement Website advised Settlement Class Members of the background of the Actions and terms of the proposed Settlement Agreement, of the time and date of the Approval Hearing, and their right to appear at such Hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; of procedures and deadlines for exercising such rights; of procedures and deadlines for submitting Claims under the Settlement Agreement and/or withdrawing Claims submitted under the 2012 Proposed Settlement; of the scope of the Release; and of the binding effect of this Order and the accompanying Final Judgment in the Actions, whether favorable or unfavorable, to the Settlement Class.

17. Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the notice provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. Notice was also provided in accordance with 28 U.S.C. §1715. The Notice Program was designed to provide notice in the manner most likely to be received by Settlement Class Members. The Claims Administrator has filed with the Court proof of compliance with the Notice Program in accordance with this Court's Preliminary Approval Order. (Dkt. 157). Thus, this Court finds that the Settlement Class received valid, due, and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

18. The reaction of the Settlement Class to the Settlement Agreement has been very positive. After notice was disseminated, Settlement Class Members submitted approximately 59,479 new claims for relief under the Settlement

Agreement, in addition to the approximately 74,064 claims previously submitted under the 2012 Proposed Settlement Agreement, which are deemed submitted under this Settlement. 57,182 claims were submitted via the online claims process in connection with the 2015 Settlement Agreement, and 2,297 claims were submitted by U.S. mail, facsimile or email attachment. In addition, to date the Settlement Website has been visited by more than 750,000 unique visitors. Notably, there were only 311 timely opt-out requests and 3 objections, which represents a minimal level of opposition to a nationwide class action of this magnitude involving millions of class members.

19. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions and argument of the Parties and interested Persons, that the Settlement proposed by the Parties as embodied in the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members. The terms and provisions of the Settlement Agreement are the product of lengthy, arm's-length negotiations between experienced counsel. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

20. Having considered the submissions by Class Counsel and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the Settlement Class. The Class Representatives initiated the Actions, acted to protect the Settlement Class, and assisted their counsel. Their efforts have produced a Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and favorable result for the Settlement Class. Class Counsel is entitled to reasonable attorneys' fees for their work, which the Court awards in the amount of $2,125,000, including reasonable expenses incurred in the litigation. An award of $2,125,000 represents a benchmark amount of 25% of the Settlement Amount,

1. which is typically upheld by courts in the Ninth Circuit in common fund cases, such as this. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Given the complexity and duration of the litigation, the substantial risks faced by Class Counsel, the amount of lodestar in the case, and the results achieved through the Settlement Agreement, Plaintiffs' request for a benchmark award is fair and reasonable. In addition, the Class Representatives are entitled to service awards in the amount of $500 each in light of their time and effort in participating in the Actions. Such Class Representative Awards and Attorneys' Fees and Expenses shall be paid out of the Settlement Amount.

21. In assessing Plaintiffs' fee request, the Court notes that the Settlement Agreement contains a "clear-sailing" provision in which Groupon agrees "not to oppose" Class Counsel's application for an award of Attorneys' Fees and Expenses not to exceed $2,125,000. Due to this provision, the Court has carefully scrutinized Class Counsel's fee request in accordance with the standards articulated by the Ninth Circuit in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). This scrutiny includes a thorough review of the circumstances under which the Settlement Agreement was reached to ensure it was not the product of collusion, as well as a careful analysis of the reasonableness of the attorneys' fee request in light of the results achieved on behalf of the Settlement Class. Having presided over the entirety of this case, which spanned almost five years, the Court finds no evidence of collusion between the Parties. The settlement discussions, including any discussions concerning attorneys' fees, appear to have been conducted at all times at arms'-length, in a professional and ethical manner. The Court notes in particular that approval of the Settlement Agreement was not conditioned on the award of any attorneys' fees and expenses. The Court further notes that, in the course of the settlement discussions leading to the 2012 Proposed Settlement Agreement, the Parties reported directly

to a neutral and well-respected mediator, Judge Weinstein, who reviewed the material terms of the settlement, including the attorneys' fee request, the amount of which remains the same here.  Moreover, careful scrutiny of the relief provided under the Settlement Agreement reveals that Class Counsel do not seek a disproportionate fee award in this case.  As noted, Settlement Class Members who submitted timely and valid claims are expected to receive Groupon Credits with a total estimated value of $5,336,000, resulting in a recovery, at minimum, of approximately 80% of the purchase price of Class Members' unredeemed, unrefunded Groupon Vouchers.  This is a very favorable result, considering that many class action settlements yield a small fraction of the potential recovery that might be available to class members at trial.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004).  The Court also notes that Class Counsel's fee request is commensurate with the time, effort, and resources devoted to the four-plus years of litigation.  In fact, the fee request is considerably lower than the actual lodestar and expenses that were incurred by Plaintiffs' Counsel, which total more than $3.23 million.  Based on these factors and the results obtained for the Settlement Class, Class Counsel will not receive a disproportionate share of the Settlement, and their request for Attorneys' Fees and Expenses is reasonable.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED:

1.     The terms and provisions of the Settlement Agreement, including all Exhibits thereto, are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of the Settlement Class, and in full compliance with the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Notice Program complies in all respects with the requirements of Federal Rule of Civil Procedure 23 and Constitutional Due Process by providing due, adequate,

1 and sufficient notice to the Settlement Class. The Parties and the Claims
2 Administrator are ordered to effectuate the Settlement in accordance with the terms
3 of the Settlement Agreement. The terms of the Settlement Agreement are fully
4 incorporated into this Order as if set forth fully herein.

5     2.    The Court, after reviewing and considering the objections to the
6 Settlement and Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses
7 and Class Representative Service Awards, the responses of the Parties as set forth
8 in their briefs, the supporting declarations and other submissions in support
9 thereof, and oral arguments presented at the Approval Hearing, overrules all
10 objections to the Settlement Agreement. With respect to Objector Ann Nelson,
11 who filed a one-page written objection with the Court and appeared telephonically
12 at the final approval hearing, counsel shall make themselves available to Ms.
13 Nelson in case she needs or wants assistance with the claims process.

14     3.    Pursuant to Federal Rule of Civil Procedure 23, and for purposes of
15 Settlement only, the Court finally certifies this case as a class action brought by the
16 Class Representatives on behalf of the Settlement Class as defined above with
17 respect to all of the claims alleged in the Actions.

18     4.    Excluded from the Settlement Class are those Persons who have
19 timely filed valid Requests for Exclusion ("Opt-Outs"). A list of those Persons is
20 attached as Exhibit 1. The Persons who filed timely, valid Requests for Exclusion
21 are not bound by the Settlement and may pursue their own individual remedies
22 against Defendants and the Released Parties. However, such Persons are not
23 entitled to any rights or benefits provided to Settlement Class Members by the
24 terms of the Settlement.

25     5.    All Settlement Class Members are bound by this Order, the
26 accompanying Final Judgment, and by the terms and provisions of the Settlement
27 Agreement incorporated herein.
28

6. The Plaintiffs; each Settlement Class Member; and any Person claiming by or through a Plaintiff or Settlement Class Member, including any Person who purchased or otherwise received any Groupon Voucher from a Settlement Class Member; and all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates ("Releasing Parties") are hereby deemed to have released and forever discharged all Defendants; all Merchant who were not named as Defendants; and all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees and assigns ("Released Parties") from any and all individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description that a Releasing Party has or may have, including assigned claims, whether known or unknown, asserted or unasserted, that is, has been, or could reasonably have been asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory or relief claimed, and regardless of the type of relief or amount of damages claimed, against any of the Released Parties arising from, or in any way relating to any of the allegations regarding the advertising, marketing, redemption or sale of Groupon Vouchers purchased or received between November 1, 2008 and December 1, 2011, alleged in the Actions, including but not limited to allegations regarding any use of expiration dates on Groupon Vouchers, and regarding any other practice, conduct, or presentation of "Daily Deals," "Fine Print," "Legal Stuff We Have To Say," "Not Valid For Cash Back," other terms of use or terms of sale, disclaimers, arbitration provisions, allegations of improper time pressure placed on customers or requirements to use Groupon Vouchers in one visit, failures of

disclosure, or any of the other allegations or claims raised in any of the Actions, or that could have been alleged based on the allegations raised in any of the Actions. Further, the Releasing Parties release any claim that the Promotional Value shown on Groupon Vouchers may not expire and shall be enjoined from challenging the expiration of Promotional Value of past Groupon Vouchers or Groupon Vouchers issued in the future ("Released Claims"). The Releasing Parties shall be deemed to have fully, finally, and forever expressly waived and relinquished with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

7. The Released Parties are hereby forever released and discharged from any and all of the Released Claims. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

8. Each of the Defendants, the Released Parties, and any Person claiming through them shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution,

- 14 -

non-prosecution, settlement, and/or resolution of the Actions or the Released Claims.

9. The Settlement Agreement, this Order and accompanying Final Judgment, or the fact of the Settlement Agreement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any Plaintiff, Defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

10. The Settlement Agreement, this Order and the accompanying Final Judgment, or the fact of the Settlement Agreement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Actions or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Order and the accompanying Final Judgment.

11. The Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $2,125,000, and awards the Class Representatives' Awards of $500 to each Class Representative. Within seven (7) days of entry of this Order and the accompanying Final Judgment, Class Counsel's award of Attorneys' Fees and Expenses shall be deposited by Groupon into a joint escrow account set up by Groupon and Class Counsel. Within five (5) days from the

1 Effective Date of Settlement, Groupon and Class Counsel shall direct the holder of
2 the joint escrow account to disperse $2,125,000 and any interest earned thereon
3 from the account to Class Counsel.  Class Counsel, in their sole discretion, are
4 hereby authorized to allocate and distribute the fees among Plaintiffs' Counsel.
5 The Class Representative Awards shall be paid to Class Counsel on their behalf out
6 of the Settlement Amount within thirty (30) days after the Effective Date.  All such
7 payments are to be made in accordance with the provisions of the Settlement
8 Agreement.

9       12.    The Court has reviewed and considered Objector Padraigin Browne's
10 motion for attorney's fees and costs and for service award, Plaintiffs' opposition
11 thereto and Objector Browne's reply.  "Under certain circumstances, attorneys for
12 objectors may be entitled to attorneys' fees from the fund created by class action
13 litigation."  *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).  Those
14 circumstances are found when an objection "result[s] in an increase to the common
15 fund[.]"  *Id.*  That circumstance is not present here.  Although the structure of the
16 settlement changed in light of the appeal, the amount of the common fund did not.
17 It remains $8.5 million.  Furthermore, Browne has not shown that she provided any
18 "unique benefit to the class."  *Id.* at 659.  Indeed, she was not the only person to
19 object to the previous settlement in this Court, nor was she the only objector to
20 appeal.  Under these circumstances, Browne's motion for attorney's fees and costs
21 and for a service award is denied.

22       13.    No opinions concerning the tax consequences of the Settlement
23 Agreement to Settlement Class Members have been given, and no representations
24 or warranties regarding such tax consequences are made in the Settlement
25 Agreement.  The Parties and their respective counsel shall not be liable to any
26 Party or Person for any tax consequences that result from the implementation of
27 this Settlement.  Settlement Class Members must consult their own tax advisors
28

1 regarding the tax consequences of the Settlement, including any payments or
2 credits provided or relief awarded under the Settlement Agreement and any tax
3 reporting obligations with respect to it.

4     14.    The Court hereby dismisses with prejudice the Actions and all
5 Released Claims against each and all Released Parties and without costs to any of
6 the Parties as against the others, except as otherwise provided in this Order and the
7 accompanying Final Judgment.

8     15.    The Court reserves jurisdiction over the implementation,
9 administration and enforcement of this Order, the accompanying Final Judgment,
10 the Settlement Agreement, and all other matters that the Court may deem ancillary
11 thereto.  Nothing in this Order or the accompanying Final Judgment shall preclude
12 any action to enforce the terms of the Settlement Agreement.

13     16.    Any appeal that is limited to the award of Attorneys' Fees and
14 Expenses to Class Counsel shall not affect the finality of this Order or the
15 accompanying Final Judgment, or otherwise delay the Effective Date.

16     17.    All claims submitted under the 2012 Proposed Settlement Agreement,
17 unless timely withdrawn as set forth in the Settlement Agreement, shall be deemed
18 submitted under the Settlement Agreement.

19     18.    The Parties and their counsel and the Claims Administrator are hereby
20 directed to implement the Settlement Agreement according to its terms and
21 provisions.

22     19.    The Parties are hereby authorized, without needing further approval
23 from the Court, to agree to and adopt such modifications and expansions of the
24 Settlement Agreement that are consistent with this Order and do not limit the rights
25 of Settlement Class Members under the Settlement Agreement.

26
27
28

19. The Court will separately enter the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

Dated: March 23, 2016

THE HON DANA M. SABRAW
UNITED STATES DISTRICT JUDGE