UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GROUPON MARKETING AND SALES PRACTICES LITIGATION | No. 3:11-md-02238-DMS-RBB<br><br>FINAL JUDGMENT |

EAST\121017796.1

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Final Judgment incorporates by reference the definitions in the Stipulation of Class Action Settlement dated September 11, 2015 ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of these Actions and all Parties to the Actions, including all Settlement Class Members.

3. In the accompanying Order granting the joint motion for final approval of this class action settlement, the Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

> All Persons who purchased or received one or more Groupon Vouchers for redemption at a Merchant in the United States, from November 2008 until December 1, 2011. Excluded from the Settlement Class are Defendants, Merchants, their parent companies, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, Groupon employees, and all judges assigned to hear any aspect of this litigation, as well as immediate family members of any of the preceding referenced individuals.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the definition above are Settlement Class Members.

5. The list of Persons excluded from the Settlement Class because they timely filed valid Requests for Exclusion is attached hereto as Exhibit 1. Persons who filed timely, completed Requests for Exclusion are not bound by this Final Judgment, the Order Finally Approving Class Action Settlement, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against the Released Parties. However, such Persons are not entitled to any rights

or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

6. As set forth in the accompanying Order, the Claims Administrator caused the Court-approved Class Notice to be emailed to all known potential Settlement Class Members and caused to be published on the Settlement Website, www.grouponvouchersettlement.com, copies of the Class Notice; instructions on how to submit Claims online or by e-mail, mail or facsimile; FAQs and answers; the Settlement Agreement and all Exhibits thereto; all Orders of the Court pertaining to the Settlement; and other information relating to the Settlement that may be of assistance to the Settlement Class. The Class Notice and Settlement Website advised Settlement Class Members of the background of the Action and terms of the proposed Settlement Agreement; of the time and date of the Approval Hearing, and their right to appear at such Hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; of procedures and deadlines for exercising such rights; of procedures and deadlines for submitting Claims under the Settlement Agreement and/or withdrawing Claims submitted under the 2012 Proposed Settlement; of the scope of the Release; and of the binding effect of judgment in this Action, whether favorable or unfavorable, to the Settlement Class.

7. For the reasons set forth in the accompanying Order, this Court has approved the Settlement of this Action on the terms set forth in the Settlement Agreement, along with the Exhibits thereto.

8. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed Requests for Exclusion are thus Settlement Class Members who are bound by this Final Judgment, by the Order Approving Class Action Settlement and by the terms of the Settlement Agreement.

9. The Plaintiffs, each Settlement Class Member, and any Person claiming by or through a Plaintiff or Settlement Class Member, including any Person who purchased or otherwise received any Groupon Voucher from a Settlement Class Member, and all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates ("Releasing Parties") are hereby deemed to have released and forever discharged all Defendants and Merchants who were not named as Defendants, and including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees and assigns ("Released Parties") from any and all individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description that a Releasing Party has or may have, including assigned claims, whether known or unknown, asserted or unasserted, that is, has been, or could reasonably have been asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory or relief claimed, and regardless of the type of relief or amount of damages claimed, against any of the Released Parties arising from, or in any way relating to, any of the allegations regarding the advertising, marketing, redemption or sale of Groupon Vouchers, purchased or received between November 1, 2008 and December 1, 2011, alleged in the Actions, including but not limited to allegations regarding any use of expiration dates on Groupon Vouchers, and regarding any other practice, conduct, or presentation of "Daily Deals," "Fine Print," "Legal Stuff We Have To Say," "Not Valid For Cash Back," other terms of use or terms of sale, disclaimers, arbitration provisions, allegations of improper time pressure placed on customers or requirements to use

Groupon Vouchers in one visit, failures of disclosure, or any of the other allegations or claim raised in any of the Actions, or that could have been alleged based on the allegations raised in any of the Actions. Further, the Releasing Parties release any claim that the Promotional Value shown on Groupon Vouchers may not expire and shall be enjoined from challenging the expiration of Promotional Value of past Groupon Vouchers or Groupon Vouchers issued in the future ("Released Claims"). The Releasing Parties shall be deemed to have fully, finally, and forever expressly waived and relinquished with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

10. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

11. Each of the Defendants, Released Parties, and any Person claiming through them hereby shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of the Actions or the Released Claims.

- 4 -

12. The Settlement Agreement, this Judgment and the accompanying Order, or the fact of the Settlement Agreement, shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any Plaintiff, Defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

13. The Settlement Agreement, this Judgment and the accompanying Order, or the fact of the Settlement Agreement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Judgment and the accompanying Order.

14. For the reasons set forth in the accompanying Order, $2,125,000 is awarded to Class Counsel as reasonable attorneys' fees for both services rendered in the Actions and reasonable expenses incurred thereto. Such amount shall be paid from the Settlement Amount. $500 shall be paid to each Class Representative as an Award for services provided to the Class. Such payments shall be made from the Settlement Amount. All such payments are to be made in accordance with the accompanying Order.

- 6 -

15. The Court hereby dismisses with prejudice the Action, all actions consolidated into the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

16. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

17. Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of any other portion of this Final Judgment or delay the Effective Date of the Settlement Agreement.

18. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

IT IS SO ORDERED.

Dated: March 23, 2016

_____
THE HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE